## PARKS v. WEST. (No. 205.)

(Court of Civil Appeals of Texas. Waco, April 30, 1925. Rehearing Denied June 25, 1925.)

**1. Attachment ⬅178—Creditor gets only debtor's actual title at time of levy, in absence of recorded deed to debtor.**

In absence of recorded deed to debtor, attaching creditor is not entitled to benefits of registration statute (Rev. St. art. 6824), but gets only such title as debtor actually has in property at time of levy.

**2. Attachment ⬅178—Inquiry of parties in possession necessary to become innocent purchaser or obtain valid attachment lien on property not in debtor's name on record; "notice."**

To be innocent purchaser for value, or obtain valid lien by attachment proceedings on property not in debtor's name on record, it is necessary to inquire of parties in possession by what right they are holding same; open notorious possession of land being "notice."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Notice.]

**3. Attachment ⬅178—Creditor levying attachment on property theretofore sold by debtor, to one in open notorious possession, acquired no interest therein.**

Creditor levying attachment on property, which he was informed by disinterested party was conveyed by debtor more than year before, to one in open notorious possession thereof at all times, took no interest therein, where prior deed to debtor was not recorded under Rev. St. art. 6824; creditor having no greater rights than he would have had as purchaser.

Appeal from District Court, Coryell County; J. R. McClellan, Judge.

Suit by E. C. Street, trustee in bankruptcy, for whom D. M. West was substituted as party plaintiff, against Tom Parks and another. Judgment for plaintiff, and named defendant appeals. Reversed and rendered.

T. R. Mears, of Gatesville, for appellant. McClellan & Cross, of Gatesville, for appellee.

BARCUS, J. This suit was instituted by E. C. Street, trustee in bankruptcy, against S. E. Spruill and Tom Parks, seeking to foreclose an attachment and a creditor's lien against 640 acres of land in Coryell county. S. E. Spruill, some time in February, 1923, filed his petition in and was adjudged a bankrupt by the United States District Court. Appellee D. M. West, in October, 1920, sold Spruill a gin plant at Brookhaven, about 6 miles from where the land in controversy is located, and took his note in payment therefor, which note was secured by a deed of trust on the gin plant. When said note fell due, it was not paid, and the gin plant was sold under the deed of trust some time in 1921, and the amount obtained therefor credited on the note. In December, 1922, West filed suit against Spruill for the balance due on the gin note, and had the land in controversy attached, and on January 9, 1923, obtained judgment against Spruill for $3,400, with forclosure of the attachment lien against Spruill, and filed said judgment as a claim against S. E. Spruill in bankruptcy, which claim was by the referee in bankruptcy approved. E. C. Street, trustee of the Spruill estate, by order of the United States court sold whatever interest Spruill had in the land and the interest which the Spruill estate had in this suit to appellee D. M. West, and he was substituted in the trial court as party plaintiff in place of the trustee Street. Appellee claimed that he had not only the attachment lien which had been fixed by the district court of Coryell county in December, in the suit of D. M. West against S. E. Spruill, but that he also had the claim of the creditors of S. E. Spruill, by reason of having purchased same from the trustee in bankruptcy. S. E. Spruill did not file any answer, and has not appealed.

Appellant Tom Parks, for answer, alleged that he was and had been the owner of the land in controversy for a number of years, and had at all times been in open, notorious possession thereof. The cause was tried to a jury, being submitted on special issues. The jury found Spruill was and had been, since October, 1920, insolvent, and that the deed he made to Parks in October, 1920, was a preference under the statutes. The court entered judgment, decreeing that the property was the property of S. E. Spruill at the time he went into bankruptcy, and that appellee was entitled to have the land sold to satisfy his claim.

At the close of the testimony, appellant requested the court to instruct the jury to return a verdict for him, which was refused, and appellant assigns error. There are a number of other assignments presented in

brief, but none of them are presented in such form they can be considered by the court.

The undisputed evidence shows that on April 29, 1919, Masterson conveyed the property in controversy to S. E. Spruill, for a recited consideration of $640 cash and one note for $640, due April 29, 1924. On October 15, 1920, Spruill and wife conveyed the property to appellant Tom Parks, for the recited consideration of $640 cash and the assumption of the payment of said note. Tom Parks was a bachelor, and Spruill was his brother-in-law. Shortly after the purchase of the property in 1919, Spruill and wife and appellant Tom Parks moved onto the land. In October, 1920, when Spruill and wife conveyed the property to Tom Parks, they left the land and moved to the town of Brookhaven, some 6 miles from the land; said Spruill having purchased from appellee West a gin plant at said place. In 1921, appellee West foreclosed on the gin plant, and Spruill moved back to the property in controversy, and lived thereon continuously with appellant Tom Parks. Appellant Parks testified, and his testimony was uncontradicted, that, when the land was originally purchased from Masterson in the name of Spruill, he and Spruill purchased same, and that he paid $500 of the original $640, and Spruill paid $140; that when he purchased the land from Spruill in October 1920, he paid Spruill the $140, which he (Spruill) had paid originally on the land. The deed from Masterson to Spruill and from Spruill to Parks was not recorded until January 16, 1923.

From the time Parks moved onto the land in the summer of 1919, he continued to use the property and occupy same, and fenced the land, and was in open, notorious possession thereof, and during all of said time, except the one year from the fall of 1920 to the fall of 1921, Spruill and his wife were with Parks, also occupying said land openly and notoriously. Parks testified that Spruill was there after he returned from Brookhaven only as a hired man, tending the sheep that were on the land that were owned by him (Parks). The property was rendered for taxes for each of the years 1920 to 1922 in the name of Spruill. Parks testified that the taxes were paid by him (Parks). The appellee West testified that before he filed the suit against Spruill in December, 1922, and levied the attachment of the land, he was told by S. N. Altum that the land did not belong to Spruill, but that Spruill had sold the land to Tom Parks. He testified that he never at any time, either before or after he levied his attachment, inquired of either Tom Parks or Spruill as to who owned the land; that the only inquiry he made was the conversation he had with Altum and the fact that he saw from the record that Spruill had rendered the property for taxes.

Appellee contends that, since Spruill had a deed from Masterson, conveying to him the title in fee, and was in actual, open, notorious possession of the land, his attachment created a lien on the property, and that the petition filed by Spruill in bankruptcy gave to the creditors of Spruill a lien on the land by virtue of article 6824, Revised Statutes, because the deed from Spruill to appellant Parks was not recorded.

[1, 2] The deed from Masterson to Spruill was not recorded until the deed from Spruill to Parks was recorded, and, at all times Spruill was occupying the land, Parks was also occupying same with him. Spruill never had a record title to the land. Except as enlarged by the registration statute, an attachment only affects and takes the interest which the debtor actually has in the property at the time the attaching creditor has the attachment levied. If the debtor has a deed which conveys the property to him, which deed is recorded, it attaches to that interest, provided he has not, before the attachment is levied, sold same. Where, however, there is no deed on record to the debtor, the attaching creditor gets only such title as the debtor actually has in the property at the time of levy. Traders' Nat. Bank v. Price (Tex. Com. App.) 228 S. W. 160; Hamilton-Brown Shoe Co. v. Lewis, 7 Tex. Civ. App. 509, 28 S. W. 101. Open notorious possession of land is notice, and before a party can be an innocent purchaser for value, or obtain a valid lien by attachment proceedings, on property that does not stand in the name of the debtor on the record, it is necessary for him to inquire of the parties in possession by what right they are holding same. Collum v. Sanger Bros., 98 Tex. 162, 82 S. W. 459, 83 S. W. 184; Houston Oil Co. v. Choate (Tex. Com. App.) 232 S. W. 285; Ramirez v. Smith, 94 Tex. 184, 59 S. W. 258.

[3] By reason of the fact that the deed from Masterson to Spruill was not of record, appellee would not be entitled to any benefits accruing by reason of article 6824, the registration statute, and the levying of the attachment therefore attached to only such interest as Spruill had in the property at the time the attachment was levied in December, 1922. The record shows without dispute that at that time, and for more than a year prior thereto, appellant Parks was the owner of the title by virtue of the deed from Spruill to him. In addition, appellee was informed by Altum, a disinterested party, that Spruill had conveyed the property to Parks. It was established beyond controversy that Parks was in open, notorious possession at all time of the property. Appellee could not be an innocent purchaser by purchasing same from Spruill, and does not have any greater rights as a creditor than he would have had as a purchaser. Collum v. Sanger, 98 Tex. 162, 82 S. W. 459, 83 S. W. 184.

We think the trial court erred in refusing to instruct the jury to return a verdict for appellant, and, it appearing that the testi-

mony has been fully developed, the judgment of the trial court is reversed, and judgment is here rendered for appellant Tom Parks.