STEELE v. HARRIS et al. (No. 617.)

Court of Civil Appeals of Texas. Waco.
Jan. 26, 1928.

1. Execution ⬅➡111—Judgment ⬅➡779(1)—Creditor, by filing abstract of judgment or levying execution, acquires only interest debtor has in property.

Where debtor does not hold record title to land, only interest an attaching or judgment lien creditor obtains against land by filing abstract of judgment or levying execution is that which debtor has in property at time judgment was abstracted or execution levied.

2. Judgment ⬅➡779(1)—Creditor obtained no lien by recording abstract of judgment, where, at time thereof, debtor had no record title.

Judgment creditor obtained no lien on land by recording abstract of judgment and levying execution, where at time thereof debtor had no record title to land.

3. Judgment ⬅➡779(2)—Creditor, filing abstract of judgment, obtained no lien on land, where debtor had previously deeded land to plaintiff in possession (Rev. St. 1925, art. 6627).

Where land was deeded to judgment debtor in January, 1927, and on date thereof debtor deeded land to plaintiff, both deeds being filed for record on June 30th, creditor did not obtain lien on land by filing abstract of judgment and levying execution on June 18th, when plaintiff was in possession, since deed, though unrecorded, was, under Rev. St. 1925, art. 6627, valid as between parties thereto.

4. Landlord and tenant ⬅➡56(1)—Notice ⬅➡6—Possession of land is notice of ownership, and possession through tenant is possession by owner.

Possession of land is notice of ownership, and possession through a tenant is in law possession by real owner.

Appeal from District Court, Bosque County; Irwin T. Ward, Judge.

Suit by G. L. Steele against John G. Harris and others. From a judgment for defend-

ants, plaintiff appeals. Reversed, and injunction granted.

W. W. Mason, of Mexia, for appellant.

Chandler & Chandler, of Stephenville, for appellees.

BARCUS, J. Appellant brought an injunction suit against appellees, seeking to restrain them from selling a 170-acre tract of land in Bosque county. A temporary injunction was granted, and on final hearing said injunction was dissolved. By a special order of the district court, however, the temporary injunction was kept in effect pending the outcome of this appeal.

The facts are undisputed. It appears that in 1923 appellees obtained a judgment in the district court of Erath county against L. L. Steele for about $900. An abstract of this judgment was recorded in Bosque county on June 18, 1927, and at the same time an alias execution was issued on said judgment and levied upon the property in controversy as the property of L. L. Steele. On January 6 or 7, 1927, L. L. Steele purchased the land in controversy from W. J. Barnes and wife, and on the same day, by deed, he conveyed said property to his brother, G. L. Steele. The deed from Barnes and wife to L. L. Steele and the deed from L. L. Steele to G. L. Steele were both delivered to G. L. Steele on January 7, 1927, and he retained possession thereof, but did not file them for record until June 30, 1927, which was twelve days after appellees' judgment against L. L. Steele had been abstracted and the execution had been levied upon the land. It appears without dispute that, at all times after G. L. Steele purchased the land in January, 1927, same was occupied by a tenant who was holding same for, and who paid rents to, said G. L. Steele. Appellees did not ask the tenant for whom he was holding, and made no investigation with reference thereto.

[1, 2] It seems now to be a well-settled principle of law in this state that, where a person does not hold the record title to real estate, the only interest an attaching or judgment lien creditor obtains against land by filing an abstract of judgment or levying an execution is that which the debtor has in the property at the time the judgment was abstracted or the execution levied. Parks v. West (Tex. Civ. App.) 274 S. W. 164; Traders' Nat. Bank v. Price (Tex. Com. App.) 228 S. W. 160; Blankenship v. Douglas, 26 Tex. 225, 82 Am. Dec. 608. The record showing without dispute that, at the time appellees filed their abstract of judgment and levied the execution, L. L. Steele had no record title to the land, and had not for several months had any interest therein, appellees did not obtain a lien thereon by recording the abstract of judgment or levying the execution.

[3, 4] We think further that, since appel-

lant, G. L. Steele, was, at the time appellees attempted to fix their judgment and execution lien against L. L. Steele, in possession of said land through his tenant, appellees would not have obtained any lien upon said land if the deed to L. L. Steele had been recorded, since the record shows without dispute that he had by deed conveyed the land to G. L. Steele. Under article 6627 of the Revised Statutes of 1925, an unrecorded deed is valid as between the parties and their heirs and as to all subsequent purchasers with notice thereof. It has always been the law in this state that possession of land is notice of ownership, and possession through a tenant is in law possession by the real owner. The record showing without dispute that G. L. Steele was in actual possession of the land through his tenant, appellees had notice of appellant's ownership. Mainwarring v. Templeman, 51 Tex. 205; Parks v. West, supra, and authorities there cited.

The judgment of the trial court is reversed, and the temporary injunction granted by the trial court restraining appellees from selling said land under their execution is made perpetual, and appellees are hereby perpetually restrained from selling the land described in plaintiff's petition under or by virtue of any execution issued or to be issued on said judgment.