## P. P. R. Collum et al. v. Sanger Brothers.

### No. 1344. Decided October 20, 1904.

**1.—Unrecorded Deed—Notice—Possession.**

Possession is notice of the title acquired by one tenant in common from a cotenant, by unrecorded deed, though such possession is consistent with the recorded title.. (Pp. 164, 165.)

**2.—Same.**

One of five heirs of a tract of land, having purchased the interest of two cotenants, held possession by tenants of the land so claimed; such possession was notice of the rights of such grantee to one claiming under execution sale the title of the grantor in the unrecorded deed. Wimberly v. Bailey, 58 Texas, 222, followed. (Pp. 164, 165.)

### ON MOTION FOR REHEARING.

**3.—Findings of Fact.**

Findings by trial court, in absence of a statement of facts, that a deed by heirs of a parent who died in 1903 was made in 1885, two years after the parent's death, seem to indicate that the date 1885 was a clerical mistake for 1895. (Pp. 165, 166.)

**4.—Same—Practice in Supreme Court.**

A plaintiff in error is confined, in the Supreme Court, to the points made in the Court of Civil Apeals, and can not maintain a proposition based on the assertion that the facts were otherwise·than he conceded them to be in the appellate court. (Pp. 166, 167.)

**5.—Findings—Deed—Interest of Grantors.**

It is not inconsistent with a finding, in general terms, that grantors in a deed, made before they acquired by inheritance an interest in the land in question, conveyed thereby their interest in the land, that the deed may have described such interest conveyed, or have conveyed their expectancy as heirs so as to operate as a conveyance of their title subsequently inherited. (P. 167.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Wise County.

Sanger Brothers sued Collum and wife and Williams for an undivided one-fifth of a tract of land, and appealed from a judgment for defendants. The judgment being reversed and rendered for appellants, appellees obtained writ of error.

*R. E. Carswell,* for plaintiff in error.—As the land records did not show Mrs. Collum to be a joint owner of the land with C. D. Cates, her possession will not be referred to such joint ownership; and persons dealing with the land must take notice of the claim that her possession actually evidences. The principle is recognized, that the possession of a joint tenant where the record shows the joint tenancy will be referred to such joint ownership and will not give notice of any further claim, but that principle is not applied here, and I submit that the judgment of the trial court should be affirmed.

The Court of Civil Appeals erred in holding that appellee's posses-sion of the land in controversy will be referred to her ownership of the one-fifth interest inherited from her mother, whether that title was of record or not, and that such possession, however exclusive and adverse, would not be notice of her title by the unrecorded deed from C. D. Cates.

*W. H. Bullock* and *J. M. Basham,* for defendants in error.—The pos-session of land by a coheir or tenant in common who has purchased a cotenant's interest but has failed to have his deed recorded until after levy of execution, is not notice to a purchaser at said execution sale of his rights under such deed. Allday v. Whitaker, 66 Texas, 669 ; Whit-aker v. Allday, 71 Texas, 623 ; May v. Surdivant, 75 Iowa, 116 ; Ram-irez v. Smith, 94 Texas, 184 ; Freeman on Cotenants, secs. 166, 167.

[On Motion for Rehearing.]—The court below and the one in which this cause originated found as a fact that N. Cates departed this life in the year 1891 seized and possessed of this land, and left as her sole surviving heirs M. C., D. C., and R. G. Cates, and plaintiff in error, and further found that in 1885 C. D., and D. C. Cates sold their inter-est in said land to plaintiff in error, Mrs. Collum, and executed to her a deed with covenants of general warranty. The court will bear in mind that they sold their interest in the land, and not the land. Had they sold the land, although they had no title, the title acquired by them by descent on death of their mother would have inured to their vendee, Mrs. Collum ; but not so when they only sold their interest in the land. This sale, the court finds, was made in 1885, six years before the death of their mother, Mrs. N. Cates ; they had no seizen and were not entitled to it—had no interest at the time of sale. While we know the rule to be, that, if one sells land by warranty deed to which he had no title at time of sale, but afterwards acquires title, the after-acquired title inures to his vendee—this comes to his vendee by estop-pel ; but one of the exceptions to this rule is, where one conveys only an interest in the land. When interest only is conveyed there is no title by estoppel. Rawle on Covenants, 416-419, and notes ; Com-stock v. Smith, 13 Pick. (Mass.), 116 ; Blanchard v. Brooks, 12 Pick., 67 ; Brown v. Jackson, 3 Wheat., 449 ; Trull v. Eastman, 3 Metc., 121 ; Loomis v. Pingree, 43 Me., 314 ; Bell v. Twilight, 6 Foster., 401 ; Til-lotson v. Kennedy, 5 Ala., 413 ; Bigelow on Estoppel, 5 ed., 400-403 ; Chauvin v. Wagner 18 Mo., 531 ; 2 Waite's Actions and Defenses, 391, and authorities cited.

GAINES, CHIEF JUSTICE.—The plaintiffs in error brought this suit to recover of defendants in error, P. P. R. Collum, his wife Elizabeth Collum, and W. M. Williams, an undivided one-fifth interest in a tract of land consisting of 160 acres patented to Narsiss Cates. The petition admitted that defendants Collum and wife owned an undivided two-fifths interest in the land, and that Williams owned also a two-fifths

undivided interest. Collum and wife in their answer claimed title to three-fifths of the land. Williams did not answer.

There was a judgment for the defendants in the District Court which, on appeal to the Court of Civil Appeals, was reversed and judgment rendered in favor of Sanger Brothers for the one-fifth interest as prayed for in their petition.

Narsiss Cates, the patentee, died in the year 1893, leaving as her only heirs C. D. Cates, R. G. Cates, D. C. Cates, Mont Cates and the appellee Mrs. Collum. Two years after her death, C. D. Cates and D. C. Cates sold their respective interests in the land to Mrs. Collum and executed to her a deed of general warranty, which was not recorded. Not long after the decease of Mrs. Cates, Mont Cates sold his one-fifth interest to R. C. Cates; and thereafter R. C. Cates and Mrs. Collum made a verbal partition of the land setting apart to the former two-fifths of the tract and to the latter three-fifths. The division line so agreed upon was marked by stone monuments and soon thereafter a fence was constructed upon it by the parties to the partition. From that time up to the time of the trial, Mrs. Collum had held possession of the part of the land so set apart to her through her tenants. R. C. Cates also took possession of the part set apart to him and he and his vendees have had possession ever since.

In the year 1900 the defendants in error obtained a judgment against C. G. Cates, one of Mrs. Collum's grantors, and caused an abstract thereof to be filed and recorded in the office of the county clerk of Wise County. They also caused execution to issue so as to preserve any lien that may have been created by the filing and recording of such abstract. On the 6th of December, 1902, execution was issued on said judgment and was levied upon C. G. Cates' interest in the land in controversy. The land was sold under the execution and defendants in error became the purchasers.

The sole question in the case is: Was the possession of the land by Mrs. Collum through her tenants notice to the defendants in error of her title through C. G. Cates? The trial court held that it was; but the Court of Civil Appeals ruled that it was not, and for that reason reversed and rendered the judgment.

We are of the opinion that the trial court ruled correctly upon the point.

That possesion by a tenant is equivalent to the possession of his landlord as to the question of notice, is the settled law of this court. Watkins v. Edwards, 23 Texas, 448; Hawley v. Bullock, 29 Texas, 222; Mainwarring v. Templeman, 51 Texas, 205. The question then resolves itself into the further inquiry: Does the fact that the possession held by the party claiming the land is consistent with the recorded title relieve the purchaser or creditor of the duty of making inquiry of such possessor? There is much authority in favor of the affirmative of this question; and the Supreme Court of Iowa, following the doctrine of those courts which hold that possession under such circumstances is

not notice, ruled that the possession of one tenant in common is not notice of a title acquired from a cotenant, the conveyance not being recorded. May v. Sturdivant, 75 Iowa, 116. But this court has made a contrary ruling. Wimberly v. Bailey, 58 Texas, 222. In the case just cited Mrs. Bailey, as executrix of the will of her deceased husband, had, as she was empowered to do, settled with W. D. Bailey, one of the devisees under the will. He with his brothers and sisters, who were also devisees under the will, were entitled to the estate of the testator after the determination of the life estate of the executrix, their mother. He received of her a sum of money in payment for his interest under the will and also for his interest in her estate as a prospective heir; the latter in the nature of an advancement. If any instrument evidencing the transaction was executed, it was not recorded. Mrs. Bailey was in possession of the property until her death, and two of her heirs, who were also devisees under her husband's will, immediately occupied the property and continued to hold possession until the time of the trial. Four days after Mrs. Bailey's death, Wimberly, having obtained a judgment against W. D. Bailey, caused an abstract of the judgment to be recorded and a sale to be made of the land under execution, at which he became the purchaser. It was held that he acquired no title to the land, for the reason that the possession by the heirs was notice to him that the defendant in the judgment had parted with his interest therein.

In the recent case, Ramirez v. Smith, 94 Texas, 184, it was expressly stated as a general rule that the fact that the possession of one holding land is consistent with the recorded title, does not exempt a purchaser from the duty of inquiring of him as to any other title.

We think it a safe and salutary rule to require of a prospective purchaser of land to ascertain whether any other be in occupancy of it; and if there be such possession, to go to the possessor and ascertain the nature and extent of his claim. Possession is evidence of title, and it seems to us that common prudence and common-honesty demand this course. If so the possession should be notice to him, and if notice to a purchaser it is notice to a creditor.

Following the decisions of this court, which have been cited, we think the judgment of the Court of Civil Appeals should be reversed and that of the District Court affirmed; and it is accordingly so ordered.

*Judgment of Court of Civil Appeals reversed; judgment of District Court affirmed.*

### ON MOTION FOR REHEARING.

GAINES, CHIEF JUSTICE.—In support of the motion for a rehearing in this case, it is urged that this court erred in finding as a fact that two years after the death of their mother C. D. Cates and D. C. Cates conveyed their interests in the land to Mrs. Collum, and it is pointed out that the findings of fact filed by the trial judge show that Mrs. N.

Cates died in 1893, and "that in 1885 C. D. and D. C. Cates, for a valuable consideration paid, sold their interest in the land to Mrs. P. P. R. Collum and executed to said Collum a deed with covenants of general warranty." It is insisted that this makes a material difference in the case. In 1885 the grantors in the conveyance mentioned had no interest in the land. Two years after their mother's death, to wit, in 1895, each had an undivided one-fifth interest. This suggests that 1885 is a clerical error and that it should have been 1895. The Court of Civil Appeals evidently so considered it, for they state in their opinion that the conveyance was made two years after the death of the mother. It would seem also, that in appealing the case it did not occur to counsel for defendant in error, who was the appellant in the Court of Civil Appeals, that the deed in question was executed at a time when the grantors had no interest to convey. The point that Mrs. Collum acquired no title by the conveyance is not made in the brief; nor even is it hinted at or suggested. It contains four assignments of error, each presenting the same point, namely, that Mrs. Collum's possession was not notice of her title, her deed not having been recorded. To emphasize this in their argument in support of their assignments, they say: "There is but one question involved in this case, and that is, was the possession of defendant Elizabeth Collum of said land notice to plaintiff of her claim under her unrecorded deed to the interest of her brother C. D. Cates? The court finds that the defendant Elizabeth Collum and C. D. Cates were heirs of N. Cates, deceased; that at her death, she being the sole owner of this land, it descended to her five children, each taking a one-fifth undivided interest in same. The children were tenants in common of said land after death of their mother, N. Cates. While the court finds that C. D. and D. C. Cates sold their respective interest in said land to their sister defendant Elizabeth Collum and made to her a deed to same, but that she did not have the same recorded until after the levy of plaintiffs' execution. The possession of the land by defendant Elizabeth Collum, after her purchase of her brother C. D. Cates' interest, was the same as before. She in her own right as heir to her mother owned a one-fifth interest in same, and as such owner was entitled to the possession of same, and her possession after her purchase of her brother C. D. Cates' interest was consistent with her right as heir and cotenant with her brothers, and was no notice to anyone of her claim to the interest she had purchased of her coheir and tenant in common C. D. Cates, under her unrecorded deed." The assignments and argument evidently concede that Mrs. Collum took title under the deed. The sole claim was that it was lost by reason of the statute which protects lien creditors without notice of unrecorded deeds. The Court of Civil Appeals considered the question of notice only and would not have been justified in considering any other. A party appealing a case is held to the position he has assumed in the court below. So in bringing a writ of error to this court he is confined to the points made in the

Court of Civil Appeals. Hence defendants in error can not in this court raise the question that Mrs. Collum had no title in the land, because her grantors had none when they conveyed to her.

We incline to think, however, that if we could consider the question, which was sought to be raised for the first time in this court, we would reach the same result. There is no statement of facts in the record. The trial judge states the character and contents of the deed in a very general way. It is not inconsistent with his finding that the deed may have described the interest of each of the grantors as a one-fifth undivided interest, or that the interest conveyed was the expectancy as heirs of their mother. In either event, the grantee would have taken title upon the death of the mother, intestate.

The motion is overruled.

*Overruled.*

Filed November 28, 1904.