### NEFF et al. v. HEIMER.

(Court of Civil Appeals of Texas. Ft. Worth. Dec. 6, 1913. On Rehearing, Jan. 24, 1914.)

1. ESTOPPEL (§ 70*)—GOOD FAITH.

Where a defendant, a purchaser of land, who knew that the vendor had defrauded plaintiff in a sale of the land by plaintiff to said vendor, asked plaintiff before the purchase if she objected to his buying, and plaintiff gave her consent, she was estopped to question defendant's good faith.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. §§ 183–187; Dec. Dig. § 70.*]

### On Rehearing.

2. INTEREST (§ 50*)—TIME—EFFECT OF TENDER.

Where the amount of a note is tendered, no interest falling due thereafter is recoverable.

[Ed. Note.—For other cases, see Interest, Cent. Dig. § 114; Dec. Dig. § 50.*]

3. APPEAL AND ERROR (§ 1208*)—REVERSAL—RESTITUTION.

Where plaintiff sued to recover title to land and to declare certain deed to it void, and recovers in the trial court and continues in possession until the case is reversed on appeal, defendant adjudged to be the rightful owner is entitled to recover from plaintiff its reasonable rental value.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4701–4709; Dec. Dig. § 1208.*]

Appeal from District Court, Tarrant County; Marvin H. Brown, Judge.

---

Suit by Louisa C. Heimer against J. F. Yates and others. Judgment for plaintiff, and defendant Yates appeals. Reversed.

Orrick & Terrell and A. B. Curtis, all of Ft. Worth, for appellant. Lattimore, Cummins, Doyle & Bouldin, of Ft. Worth, for appellee.

SPEER, J. Louisa C. Heimer instituted this suit against Roy Neblett, C. D. Neff, Mrs. C. H. Marrett, and J. F. Yates to recover the title and possession of a certain lot in the city of Ft. Worth and to declare null and void deeds executed by plaintiff to C. D. Neff, by C. D. Neff to Mrs. C. H. Marrett, and by Mrs. Marrett to J. F. Yates, respectively, conveying the property, alleging a conspiracy to defraud plaintiff out of her property. The defendants Neblett, Neff, and Marrett disclaimed any interest in the property, while the defendant Yates answered pleading specially that he was an innocent purchaser of the property and further alleging facts constituting an estoppel against plaintiff to question his title to the property. The case was submitted to a jury on special issues, upon their answers to which judgment was rendered for the plaintiff against all of the defendants for the recovery of the property, and the defendant Yates alone has appealed and assigns errors.

[1] We sustain appellant's thirty-second assignment of error, to the effect that the court erred in refusing to render judgment in his favor upon his motion for same, notwithstanding the verdict, because the undisputed evidence shows that before he purchased the property in controversy from Mrs. Marrett he made due inquiry of Mrs. Heimer as to all objections which she might have to Mrs. Marrett's selling him the property, and that he refused to purchase the same until she (Mrs. Heimer) was satisfied; that she subsequently gave her consent, and upon such consent he purchased the property and paid a valuable consideration therefor without notice of any defects in his title. The findings of the jury on the special issues submitted to them were, in effect, that there was a conspiracy between C. D. Neff, Roy Neblett, and Mrs. C. H. Marrett to defraud appellee out of the property in controversy, and that these defendants, or some of them, not only made false and fraudulent representations, but employed threats and force, whereby she was induced to convey her property to C. D. Neff, who in turn conveyed it to Mrs. C. H. Marrett, and that appellant Yates, either personally or through his agent, Rose, knew of the fraudulent representations, force, and threats inducing the appellee to make the conveyance prior to his purchase of the property. The verdict embraces the further finding that the property in controversy was of the value of $5,000, and that the value of property in Midlothian traded by appellant to Mrs. Marrett over and above an indebtedness existing at the time against it was $1,350, which find-

ing, in connection with the undisputed evidence of a cash payment made and the assumption of a vendor's lien note for $2,400, which Neff and Mrs. Marrett had agreed to pay to appellee, constituted an adequate consideration for the property. The undisputed evidence shows that appellee was at all times in possession of the property, and that before appellant purchased the same from Mrs. Marrett he sent his representative, Webb Rose, and his attorney, E. C. Orrick, to see appellee, and these representatives informed appellee that their principal would not purchase the property unless she was entirely satisfied with her trade with Mrs. Marrett. She was fully informed that appellant was buying the property from Mrs. Marrett and unless she made some objection the trade would be closed immediately. She made no objections whatever further than to require an indemnity covering a supposed lien against some property known as the Sagerton property, vendor's lien notes against which she had taken in the sale to Neff and Marrett, and also to increase the vendor's lien note which Neff was executing to her from $2,000 to $2,400. These were the only objections made, and appellee does not deny that she knew appellant expected to buy the property, or that she was called upon to state if she was satisfied with the transaction. Nor does she deny that she made no objections to appellant's purchase.

Under these circumstances about which there is no controversy in the proof, we hold that appellee is estopped to question appellant's purchase from Mrs. Marrett. For the purposes of this opinion we are assuming that Mrs. Heimer's possession of the property (Collum v. Sanger, 98 Tex. 162, 82 S. W. 459, 83 S. W. 184) and the oral testimony were sufficient to charge appellant with notice of the fraud perpetrated by Neff, Neblett, and Marrett on appellee. There is no finding, nor is there any evidence raising such an issue, that appellant in any manner actively participated in such fraud. Being chargeable then with notice of some vice affecting Mrs. Marrett's title, the law imposed upon appellant the duty of making a proper inquiry to ascertain the facts. We hold it to be a complete discharge of this duty to go, as appellant did, to Mrs. Heimer, herself, and there make inquiry if his purchase of the property would be agreeable to her. Upon his doing so, the law imposed upon appellee the duty, if she had any valid objections, to interpose them then and there. Failing to do so, she should not afterward be heard to complain when appellant upon the faith of her silence has purchased the property, paying a valuable consideration therefor. Under the undisputed facts the trial court should have rendered judgment for appellant, notwithstanding the verdict, which, as we have already seen, in no manner connected appellant actively with the fraud committed on appellee.

The judgment of the district court is,

therefore, reversed, and judgment here rendered in favor of appellant for the land in controversy; but judgment is also rendered in favor of appellee Mrs. Louisa · C. Heimer for the sum of $2,400, together with interest at the rate of 8 per cent. per annum from February 18, 1910, being the amount of the C. D. Neff note assumed by appellant, together with a foreclosure of the vendor's lien on the land in controversy.

Reversed and rendered.

### On Rehearing.

Appellee's motion for rehearing presents nothing that would cause us to change our holding on the original hearing, and it is, accordingly, overruled.

[2] But appellant's motion to reform the judgment rendered in favor of appellee for the sum of $2,400 must be sustained. First, we were in error in allowing appellee to recover interest. The pleadings of appellant and the undisputed evidence and agreement of the parties in open court show that appellant tendered the amount of his note at its maturity, and also made a legal tender of the same in court on trial, and he should therefore be relieved from the payment of all interest.

[3] Furthermore, we were in error in not allowing appellant a · credit against appellee for the amount of the rents of the property in controversy. As stated on the original hearing, it was undisputed that appellee has at all times retained possession of the property awarded to appellant, and the jury find that its reasonable rental value from March 9, 1910, to the date of the trial is $40 per month. The judgment heretofore entered by us is therefore modified so as to be in appellee's favor for the sum of $2,400, without interest, less a credit in appellant's favor of $40 per month from March 9, 1910, the date of Mrs. Marrett's deed to appellant, to February 21, 1913, the date of the trial in the district court. This judgment is without prejudice, of course, to the rights of the parties accruing since the trial in the district court.

Appellant's motion to reform the judgment is, accordingly, granted as herein shown.