## DIXON v. CARGILL et al.

### No. 1653.

Court of Civil Appeals of Texas. Eastland.

March 26, 1937.

Rehearing Denied April 16, 1937.

Percy Woodard, of Marshall, for appellant.

Geo. L. Huffman, of Marshall, for appellees.

GRISSOM, Justice.

Prior to the 18th day of May, 1933, Josie Dixon owned a tract of land consisting of 20¼₀ acres. On said date she executed and delivered a warranty deed to said property to W. A. Rogers. The deed recited a consideration of $1 and the cancellation of a note for the sum of $200, dated March 22, 1929, due December 1, 1929, secured by deed of trust on said property; the note being executed by Josie Dixon and payable to W. A. Rogers.

By deed dated May 31, 1933, Rogers and wife conveyed said property to W. H. Cargill. On September 24, 1934, Cargill filed suit in trespass to try title to said land against Josie Dixon. Josie Dixon answered by plea of not guilty and filed a cross-action against Cargill and impleaded Rogers, alleging in substance that Rogers obtained the deed from her by fraud, contending that Rogers represented to her that the deed which she signed was an instrument giving Rogers authority to pay the taxes for her due upon the land, and that so believing, she executed such instrument. She alleged that Cargill knew, or by the exercise of ordinary care could have known, of the fraud. She prayed for a judgment canceling her deed to Rogers, the deed from Rogers to Cargill, and the note and deed of trust which she had executed to Rogers, asserting as to the last two instruments that said note had been paid. Rogers denied all the allegations of Dixon.

Cargill alleged his lack of knowledge of any fraud perpetrated upon Dixon by Rog-

ers, if any, and pleaded that he was an innocent purchaser of said property. He specially pleaded "that before accepting said deed from W. A. Rogers and wife and paying them the consideration of $175 therefor, he investigated for the purpose of determining whether the said W. A. Rogers held the legal title to said land. In pursuing this inquiry, [he] found that the said W. A. Rogers held the legal title thereto under general warranty deed from said Josie Dixon, dated May 18, 1933, filed for record May 20, 1933, and recorded in Vol. 195, page 571 of the deed records of Harrison County, Texas."

The court instructed a verdict for Cargill and Rogers and against Josie Dixon.

■ There was no evidence that Cargill knew of Rogers' fraud, if any. The evidence of Dixon, if not conclusive of the fact, was sufficient to authorize a finding that Rogers perpetrated a fraud upon her and obtained a deed to her property in the manner alleged. At the time Cargill purchased the land, and for a long time prior thereto, Dixon had been in actual personal possession of the property, occupying it as her home. Her occupancy was open and visible. Cargill testified that before purchasing the land Rogers presented to him his warranty deed from Dixon; that he (Cargill) read the entire instrument, which instrument showed that it had been duly and seasonably recorded. We think such evidence was sufficient to bring Cargill within the decision of the Supreme Court in the case of Eylar v. Eylar, 60 Tex. 315. Cargill's duty of inquiry was sufficiently prosecuted and performed when he examined the recorded deed from Dixon to Rogers and found in such instrument the declaration by Dixon, the person in possession of the land that Rogers was "the true and absolute owner of the land." National Bond & Mort. Corp. v. Davis (Tex.Com.App.) 60 S.W. (2d) 429; Ramirez v. Bell (Tex.Civ.App.) 298 S.W. 924 (writ ref.).

■ But the title asserted by Dixon was an equitable one. Cargill held the legal title. Under these circumstances, Dixon cannot recover without proof that Cargill, when he purchased from Rogers, had knowledge of Dixon's equitable title. The burden was upon Dixon to prove that Cargill was not an innocent purchaser. Sperry v. Moody et al. (Tex.Civ.App.) 269 S.W. 272; Elliott v. Wallace (Tex.Com.App.) 59 S.W.(2d) 109, 111; Teagarden v. R. B. Godley Lumber Co., 105 Tex. 616, 154 S.W. 973; Ritch v. Jarvis (Tex.Civ.App.) 64 S.W.(2d) 831, 834; Snell v. Knowles et al. (Tex.Civ.App.) 87 S.W.(2d) 871, 881; Tarkenton et al. v. Marshall (Tex.Civ.App.) 91 S.W.(2d) 473, 475; Bailey et ux. v. Shell Pet. Corp. (Tex. Civ.App.) 95 S.W.(2d) 982, 984; Thompson v. Bracken et al. (Tex.Civ.App.) 93 S. W.(2d) 614; Love v. Breedlove, 75 Tex. 649, 652, 13 S.W. 222; Commonwealth Bldg. & L. Ass'n v. Howard et al. (Tex. Civ.App.) 61 S.W.(2d) 546, 547; Hamilton v. Ingram et al., 13 Tex.Civ.App. 604, 35 S.W. 748; Murphy et al. v. Johnson et al. (Tex.Civ.App.) 54 S.W.(2d) 158, 163; Pure Oil Co. v. Swindall et ux. (Tex.Com.App.) 58 S.W.(2d) 7; 31 Tex.Jur. 369.

■ Both Cargill and Dixon placed in evidence the deeds from Dixon to Rogers and Rogers to Cargill. The latter deed showed to have been promptly recorded in the county wherein the land was situated. Dixon, on her cross-action, proved the fraud of Rogers. She introduced no proof that Cargill knew of such fraud. She proved that when Cargill purchased she was in possession of the land, but that there was then of record a general warranty deed executed by her conveying, or purporting to convey, an absolute title to the property to Rogers. Was this sufficient to authorize the submission of an issue and a finding by the jury that Cargill was not an innocent purchaser? We think not. " * * * one who deals with land in possession of another is chargeable with notice of all the claims of the occupant which a proper inquiry would have disclosed." 31 Tex.Jur. § 6, p. 366. Under the Eylar Case, supra, a proper inquiry, as applicable to the facts of this case, would have been to look at the deed records or recorded deed. Dixon's proof shows that a proper inquiry would have disclosed the fact that the occupant had conveyed absolute title to the property to Rogers, who was Cargill's proposed vendee. So, if Cargill made "proper inquiry," it disclosed only the declaration by Dixon that Rogers was the owner of the land, and, of course, had the right to sell it. Since Dixon had not by her testimony raised the issue that Cargill was not an innocent purchaser, the fact that Cargill testified that he did make inquiry and found such deed, and that it had been promptly recorded (such testimony being uncontradicted, but uncorroborated) did not make an issue of fact for the determination of the jury. It is evident from what has been said that this conclusion does not conflict with the decisions in Thraves v. Hooser (Tex.Com.App.) 44 S.W.(2d) 916;

City Inv. & Loan Co. v. Wichita Hardware Co. (Tex.Com.App.) 91 S.W.(2d) 683; Simmonds v. St. Louis, B. & M. Ry. Co. (Tex.Com.App.) 91 S.W.(2d) 332, and others to the same effect. In other words, where a plaintiff has the burden of proof on an issue and fails to make sufficient proof thereon to raise a question of fact for the jury, wholly defensive testimony relative thereto by the defendant, though uncorroborated, does not make an issue for the jury.

The judgment of the trial court is affirmed.