**KELLY–SPRINGFIELD TIRE CO. et al. v. WALKER et al.**

No. 3747.

Court of Civil Appeals of Texas. Beaumont.

Dec. 12, 1940.

Rehearing Denied March 12, 1941.

H. C. Keen and Geo. A. Weller, both of Beaumont, for appellants.

Geo. E. Holland, R. E. Masterson, and H. C. Cunningham, all of Beaumont, for appellees.

WALKER, Chief Justice.

Prior to her death January 2, 1929, Mrs. Jonnie I. Walker and her husband, J. P. Walker, acquired and, for the purposes of this opinion, held as community property two tracts of land in Jefferson County; one tract containing 31.2 acres, and the other tract containing 812.25 acres. Mrs. Walker's heirs at law were her husband, J. P. Walker, and her two sons, Homer and D. W. Walker, and her daughter Mrs. Hassie Walker Webb, wife of T. S. Webb. Her three children inherited equal moities of their mother's one-half community interest in the two tracts of land referred to above. On the 15th day of January, 1930, after the death of their mother, the children conveyed by warranty deed to their father their interest in these two tracts of land; this deed was never recorded. The son, Homer Walker, died November 18, 1936, leaving his wife, Mrs. Homer Walker, his father, J. P. Walker, his brother, D. W. Walker, and his sister, Mrs. Webb.

On April 25, 1932, in cause No. 37587 on the docket of the District Court of Jefferson County, appellant, Kelly-Springfield Tire Company, recovered judgment against Homer Walker et al. in a sum in excess of $3,000, which judgment, for the purposes of this opinion, was duly abstracted in Jefferson County, and never became dormant. On the third day of February, 1933, appellant, The Texas National Bank of Beaumont, in cause No. 39468 on the docket of the District Court of Jefferson County, recovered judgment against Homer Walker et al., which, after allowing credits on execution of order of sale, amounted to more than $14,000, and which for the purposes of this opinion, was duly abstracted, and never became dormant.

On the 29th day of September, 1939, appellant, Kelly-Springfield Tire Company, filed this suit in the District Court of Jefferson County against J. P. Walker, the widow of Homer Walker, and his brother and sister, as named above, to foreclose its judgment lien against the one-sixth interest in the two tracts of land referred to above, inherited by Homer Walker from his deceased mother. Appellant, the Texas National Bank, and many others holding abstracted judgments against Homer Walker were made parties defendant. Appellant, the Texas National Bank of Beaumont, answered, pleading its judgment lien and praying for foreclosure as did appellant, Kelly-Springfield Tire Company. The pleadings of the two appellants made an issue of priority between their claims, but in view of the disposition we are making of the case, this issue is immaterial. On trial to the court without a jury, judgment was that the two appellants and the other lien creditors of Homer Walker "take nothing" against J. P. Walker, Mrs. Homer Walker, D. W. Walker and Mrs. Webb, and on J. P. Walker's cross-action against appellants and the other lien creditors that he recover "the lands and premises, the controversy of this suit." From the judgment of the lower court only Kelly-Springfield Tire Company and the Texas National Bank prosecuted their appeal to this court.

The judgment of the lower court in favor of J. P. Walker was on the theory that his occupancy of the property in controversy gave appellants notice, at the time they abstracted their judgments, of his unrecorded warranty deed from Homer Walker and his other two children. The following are the controlling facts of J. P. Walker's occupancy: From the time he and his wife purchased this land as their community property, they were in continuous possession of all of it, using, occupying, and enjoying it. They maintained their residence on the tract of 31.2 acres continuously, and had a homestead claim of 168.8 acres in the larger tract. They were living on the smaller tract at the time of Mrs. Walker's death, and Mr. J. P. Walker continued to live on it after her death, maintaining his home there, and was so living on it at the time appellants abstracted their judgments. There was no change in the nature and character of his occupancy from the time he purchased the property in 1892 up to the time the judgment liens were abstracted. From the time he purchased the 812.25 acres he and his wife farmed it, raising rice on part of it and pasturing part of it; the homestead claim on this tract was inclosed by the same fence with the balance of the tract. Certain tenant houses occupied by tenants were on that portion of the larger tract, not a part of the homestead claim. The nature of this occupancy continued without change from the time they purchased it in 1892 up until the time these judgments were abstracted. The possession of J. P. Walker and his wife, in person and by tenants, was exclusive of all other claimants from the time they bought it until her death, and his possession so continued until after appellants' judgments were abstracted. No point is made that the deed from his children to J. P. Walker was

not made in good faith and on a valuable consideration.

The facts support the court's judgment. The occupancy of J. P. Walker was sufficient to give notice to appellants at the time they abstracted their judgments that Homer Walker had transferred his interest in the land to J. P. Walker, and this notice operated against appellants to the same extent as if J. P. Walker had duly recorded his deed from his children. That the land in controversy was deeded jointly to J. P. Walker and his wife Mrs. Jonnie I. Walker gave notice to persons dealing with the land of its community status, and since Mrs. Walker died intestate, all parties dealing with this land were given notice of the interest and estate of Mrs. Walker's three children, inherited by them from her. Parties dealing with J. P. Walker in relation to this land, finding him in possession, were put on notice that he was holding the interest of his three children either as their co-tenant or by purchase from them, and required them to make inquiry of his right of possession.

Parties dealing with Homer Walker or his estate, in relation to the 812.25 acres, were visited with notice of his father's actual possession, and were put on inquiry as to the nature of his exclusive possession. Had this inquiry been made by appellants, they would have discovered that Mr. Walker was in exclusive possession of the 812.25 acres by virtue of the deed to him from his children. Collum v. Sanger Bros., 98 Tex. 162, 82 S.W. 459, 460, is on all fours with the facts of this case as it relates to the 812.25 acres, and affirmatively supports the judgment of the lower court.

The only distinction between the possession of J. P. Walker as it related to the 31.2 acres and the 812.25 acres is the fact that he had the right to the exclusive possession of the 31.2 acres. From a careful study of the Collum case, supra, it does not appear that this distinction is controlling. The clear holding of that case is that the possession of Mr. J. P. Walker, even of the homestead, put appellants on inquiry as to his right of possession; Chief Justice Gaines said: "We think it a safe and salutary rule to require of a prospective purchaser of land to ascertain whether any other be in occupancy of it; and, if there be such possession, to go to the possessor and ascertain the nature and extent of his claim. Possession is evidence of title, and, it seems to us, that common prudence and common honesty demand this course. If so, the possession should be notice to him; and, if notice to a purchaser, it is notice to a creditor."

If the distinction, based on Mr. Walker's homestead rights, be recognized as of importance, it is made immaterial by the peculiar facts of this case. The 31.2 acres was not the full measure of J. P. Walker's homestead rights; he had a homestead right of 168.8 acres in the larger tract. He not only exercised exclusive possession of his homestead claim in the larger tract, but also of all that tract. An inquiry as to his right of possession of that portion of the land not constituting his homestead would have given appellants notice of his claim by his deed from his children to their interest in all the land. If on this point there was an issue of fact, the issue was resolved in favor of Mr. Walker by the court's judgment.

It follows that the judgment of the lower court should be affirmed, and it is accordingly so ordered.

Affirmed.

### On Rehearing.

On motion of appellants, we find that the tract of 31.2 acres on which J. P. Walker resided did not adjoin the larger tract of 812.25 acres. On the larger tract was an inclosure of about 25 acres on which were situated the improvements on the larger tract. The balance of the larger tract was inclosed in one fence and was occupied, held and enjoyed by J. P. Walker for the purpose of growing crops and grazing cattle. Appellants ask that we find that J. P. Walker and his children joined in the execution of certain instruments, effecting the land in controversy, subsequent to the deed by Homer Walker to J. P. Walker. These instruments were merely evidentiary on the issues involved; appellants have not requested us to find that they knew of the existence of these instruments before they abstracted their judgments, and we do not so find.

The motions for rehearing are overruled.