## LESTER v. HUDSPETH et ux.

### No. 4392.

Court of Civil Appeals of Texas. El Paso.

June 15, 1944.

Rehearing Denied July 20, 1944.

Earl Wyatt, of Amarillo, for appellant.

W. J. Durham, of Dallas, for appellee.

PRICE, Chief Justice.

This is an appeal from a judgment of the District Court of Grayson County, Fifty-Ninth Judicial District. Appellant sued appellees in trespass to try title. The property involved is Lot No. 2, in Block No. 1, of Binkley's First Addition to the City of Sherman, Texas. Trial to the court resulted in a "take nothing" judgment against appellant, and an adjudication that appellees, Oscar Hudspeth and Ruby Hudspeth, were the owners in fee simple of the property.

The claim of title by plaintiff as exhibited by the findings of fact of the trial court and the pre-trial stipulation as to facts is as follows:

(1) A judgment of the District Court of Grayson County in a case entitled "The Real Estate-Land Title & Trust Company, Trustee, v. Will Hudspeth et al." No. 41242 on the docket of said court, dated December 21, 1934. This judgment established and foreclosed a mechanic's lien and special assessment lien in favor of the plaintiff, the Real Estate-Land Title & Trust Company, Trustee, against the interests of Ida Hudspeth, Louie R. Huggins, individually and as Independent Executrix of the Estate of W. A. Huggins, deceased, and Louise Kimbell, as an heir of said W. A. Huggins. The lien indebtedness established was in the sum of $235.53. No personal recovery was awarded against any of the defendants. An order of sale was ordered to issue. It was found Ida Hudspeth was the owner of the property and any surplus arising from the sale was to be paid by the sheriff to her;

(2) An order of sale issuing on said judgment on the 10th day of September, 1942, the sheriff's return showing execution according to the terms thereof, reciting that at the sale plaintiff here bid in the property for the sum of Sixty Dollars, and paid the bid;

. (3) The special assessment lien foreclosed in the judgment was made by the City of Sherman in 1927 against W. A. Huggins and against no other defendants in said cause above referred to.

The records of Grayson County showed him to have title to the property. At the time this assessment was made W. H. and Ida Hudspeth were in actual possession of the property as tenants at will of Oscar Hudspeth. The entry of W. H. and Ida Hudspeth was by permission of said Oscar Hudspeth, defendant here, and the verbal understanding was that they should remain in possession as long as they lived. This possession continued up to the death of W. H. Hudspeth, and thereafter was continued up to the date of the trial by Ida Hudspeth.

On March 9, 1927, W. H. and Ida Hudspeth executed and delivered the mechanic's lien contract on the property in controversy, which was foreclosed by the judgment aforesaid. Neither W. H. nor Ida Hudspeth had any title to the property. Their right of possession was derived solely from Oscar Hudspeth, defendant here. Defendant neither authorized nor ratified the giving of the mechanic's lien.

The defendant's claim of title is as follows: In 1924 he entered into a contract with W. A. Huggins for the sale of the property to him for the sum of $575. Under this contract he went into possession thereof with W. H. and Ida Hudspeth. Ida was his stepmother. He thereafter left the property, but his actual possession was continued through his father and stepmother. He finished the payments required by the contract, making the last payment in the sum of $300 in 1932, after the death of W. H. Hudspeth. W. A. Huggins died without executing a deed to defendant. After the death of said Huggins, a deed was executed to defendant by his independent executrix, but was returned to her for some correction. While defendant claimed this property under the contract aforesaid, he made valuable and substantial improvements thereon. At the time he entered into possession there was a two-room frame house thereon, to which he added four rooms. The court found that during the time W. H. and Ida Hudspeth occupied the property, they made no claim of title or interest therein, and that after the death of W. H. Hudspeth his wife made no claim of title or interest in the property.

Defendant was not a party to the foreclosure proceedings under which plaintiff claims and had no notice thereof.

On September 1, 1935, Ida Hudspeth executed and delivered to R. C. Booton a deed of trust on the property in controversy, securing the Real Estate-Land Title & Trust Company, Trustee, in the payment of a note signed by her in the sum of $263.75. The note was in the exact amount fixed by the foreclosure judgment as due on the premises, with interest added. This deed of trust contained the following provision:

"It is expressly agreed that each of the liens mentioned in said judgment shall continue with said judgment lien to be valid and subsisting liens in full force and effect until said indebtedness is fully paid and satisfied."

Ida Hudspeth failing to make the required payments on the notes, a substitute trustee foreclosed the deed of trust in accordance with the terms thereof. At the sale, which was held April 1, 1941, George A. Ritzinger purchased the property on a bid of one hundred dollars. Thereafter George A. Ritzinger filled in the District Court of Grayson County, 15th Judicial District, a suit against Ida Hudspeth seeking to recover the title and possession of the property in controversy. The defendant here intervened in that suit claiming title and possession of the property. By judgment dated the 25th day of June, 1942, Oscar Hudspeth, intervener there and defendant here, recovered the title and possession of the property in controversy as against said Ritzinger.

Under the facts recited and found, the plaintiff took under the judicial sale under which he claims the title of W. A. Huggins. This was the legal title to the property. At such sale no title or right of defendant passed to plaintiff here, for the defendant here was not a party to that action. Hence his equitable title did not pass to the plaintiff.

The issue decisive of this case is whether or not defendant is entitled to assert his equitable title against plaintiff. To sustain the position that defendant is debarred from so asserting his equitable title, plaintiff relies upon the case of Realty Trust Co. v. Craddock, 131 Tex. 88, 112 S. W.2d 440. It was there stated, in substance: Where a City makes a valid special assessment against property against the holder of the record title and issues certificates, the holder of the certificates is protected against an outstanding equitable title to the same extent and under the same conditions as a purchaser from the holder of the record; that is, the legal title would be protected.

It is thought that the opinion reasonably justified the conclusion that if the assessing city and the holder of the assessment certificates have notice of the equitable title at the time of the assessment, unless the costs of improvements are assessed against the holder of such title, the holder of the certificates is not protected against such equity.

It follows that a purchaser at an execution sale foreclosing the lien securing the certificates who has the same notice as the

assessing city and the holder of the certificates, is not protected against an outstanding equity in a third party.

The court found, in substance, that defendant, from 1924 to the date of this trial, had actual, visible possession of the property in controversy in person or through tenants; that while in possession of the property by tenants such tenants never claimed to own the property.

The possession of the defendant by tenant at the time the assessment was made and the certificate was issued, and at the time plaintiff purchased, was, as a matter of law, notice to the City, notice to the certificate holder, and notice to the plaintiff when he purchased, as to the equity of the defendant here. Collum v. Sanger Bros., 98 Tex. 162, 82 S.W. 459, rehearing denied 98 Tex. 162, 83 S.W. 184; J. M. Radford Grocery Co. v. Matthews, Tex.Civ.App., 78 S.W.2d 989, and authorities cited; Dixon v. Cargill, Tex.Civ.App., 104 S.W.2d 101, writ refused; Realty Trust Co. v. Craddock, 131 Tex. 88, 112 S.W.2d 440.

Plaintiff, the City, and the holders of the certificates having notice of defendant's equitable title, he is not debarred from asserting same.

The judgment of the trial court is affirmed.

McGILL, Justice (dissenting on motion for rehearing).

I have concluded that we erred in our disposition of this case.

Since appellant acquired legal title to the property in question at the foreclosure sale and the title which appellees assert is an equitable title, the burden was upon appellees to prove that the City of Sherman had notice of such equitable title at the time of the assessment. Dixon v. Cargill, Tex.Civ.App., 104 S.W.2d 101, at page 102, par. (2), writ refused, and cases there cited.

Absent such notice, the owner of the record legal title was the owner of the property within the purview of the applicable paving statutes, and the assessment was valid. Realty Trust Co. v. Craddock, 131 Tex. 88, 112 S.W.2d 440, at page 443, last paragraph.

It is not contended that either the City of Sherman or the Jagoe Construction Company, to whom the special assessment certificate was payable, had actual notice of Oscar Hudspeth's equitable title at the time the assessment was made. The sole ground on which the City is held to have been charged with notice of such equitable title is the possession of the property by Oscar's tenants at the time the assessment was made. The trial court did not find that Oscar Hudspeth was in possession in person at such time. The finding is, that immediately after his purchase (in 1924) he "moved upon said property" and that under an agreement between him and Will and Ida Hudspeth, Will and Ida might use the premises as a home as long as they lived; that Will and Ida occupied the property from the year 1924 until the date of trial as tenants of Oscar, and during such time they did not claim to own the title or any interest in the land. There is no finding that the City of Sherman or the Jagoe Construction Company failed to exercise diligence by making inquiry of the possessors, or that by diligent inquiry they could have ascertained that Will and Ida Hudspeth held possession of the property as tenants of Oscar Hudspeth, the equitable owner. All that was required of the City was that it make diligent inquiry of the possessors to ascertain the nature and extent of their claim. Collum v. Sanger Bros. 98 Tex. 162, at page 165, 82 S.W. 459; Moore v. Chamberlain, 109 Tex. 64, at page 68, 195 S.W. 1135, last paragraph.

There is no showing that it did not do so.

If it be assumed that the trial court was justified in disbelieving the testimony of Booton in toto, and notwithstanding the recitals of ownership in the mechanic's lien executed by Will and Ida Hudspeth and the deed of trust executed by Ida Hudspeth, in finding that Will and Ida during their occupancy claimed no interest in the property, yet such finding did not discharge the burden resting upon appellees to show that the City failed to make diligent inquiry as to the nature and extent of the claim of Will and Ida, and that had it done so, such inquiry would have revealed that Will and Ida were tenants of Oscar and put the City on notice of Oscar's equitable title.

As I understand the opinion, it holds that the possession of Will and Ida, as a matter of law, was notice to the City of Oscar's equitable title, regardless of any inquiry that the City may have made of Will and Ida as to the nature and extent of their claim, even though such inquiry would not necessarily have revealed Oscar's equitable title. Such holding goes further than the facts in any of the cited cases warrant.

I believe it unsound. It would place an undue burden upon cities and render it practically impossible for them ever to fix a valid assessment lien against unknown equitable owners.

In my opinion the motion for rehearing should be granted, the judgment of this court affirming the judgment of the trial court set aside, and judgment here rendered that appellant recover the title and possession of the property.