Myrtle ALDRIDGE et al., Appellants,

v.

NORTH EAST INDEPENDENT SCHOOL DISTRICT, Appellee.

No. 14662.

Court of Civil Appeals of Texas.

San Antonio.

April 3, 1968.

Rehearing Denied May 1, 1968.

**448**

P. Otis Hibler, W. Pat Camp, San Antonio, for appellants.

Foster, Lewis, Langley, Gardner & Hawn, Ralph G. Langley, Willis T. Taylor, San Antonio, for appellee.

KLINGEMAN, Justice.

This suit was originally brought by North East Independent School District, situated in Bexar County, Texas, appellee herein, against Guy Aldridge and his father, W. J. Aldridge, seeking to establish a judgment lien upon an undivided one-half interest in a tract of 162.6 acres of land in Lamb County, Texas. During the course of litigation W. J. Aldridge died and the present appellants, as successors in interest of W. J. Aldridge, were substituted as party defendants. The trial court granted appellee's motion for summary judgment, finding that the deed from Guy Aldridge to his father, W. J. Aldridge, dated October 27, 1961, of an undivided one-half interest in the property, which was filed for record in the deed records of Lamb County on January 7, 1965, was void as to appellee, under the provisions of Art. 6627, Vernon's Ann.Civ.St.,[1] and that prior to the execution of such deed Guy Aldridge owned an undivided one-half interest in such property; that appellee was the holder of a valid, subsisting, unpaid judgment against Guy Aldridge which was properly abstracted, filed and indexed in the judgment records of Lamb County, Texas, on January 4, 1965; that at the time appellee filed such abstract of judgment, it was without notice of the prior unrecorded deed dated October 27, 1961; that appellee was entitled to the establishment of a judgment lien and a foreclosure of such lien upon the interest owned by Guy Aldridge at the date of establishment of appellee's judgment lien in Lamb County, and decreed a foreclosure of appellee's lien upon an undivided one-half interest in such 162.6 acre tract and for order of sale. Guy

---

1. "Art. 6627. All bargains, sales and other conveyances whatever, of any land, tenements and hereditaments, whether they may be made for passing any estate of freehold of inheritance or for a term of years; and deeds of settlement upon marriage. whether land, money or other personal thing; and all deeds of trust and mortgages shall be void as to all creditors and subsequent purchasers for a valuable consideration without notice, unless they shall be acknowledged or proved and filed with the clerk, to be recorded as required by law; but the same as between the parties and their heirs, and as to all subsequent purchasers, with notice thereof or without valuable consideration, shall be valid and binding."

Aldridge did not appeal from such judgment.

W. J. Aldridge and son, Guy Aldridge, purchased said 162.6 acre tract jointly in 1943. By deed dated October 27, 1961, and notarized October 31, 1961, Guy Aldridge conveyed his undivided one-half interest in said tract to W. J. Aldridge. This deed was filed for record in the deed records of Lamb County on January 7, 1965. On October 4, 1964, appellee recovered a judgment for $30,000.00 against Guy Aldridge in Bexar County, Texas. On December 30, 1964, an abstract of judgment was issued on such judgment, and on January 4, 1965, such abstract was recorded and indexed in the judgment records of Lamb County. Appellants controverted appellee's motion for summary judgment and attached thereto an affidavit made by Myrtle Aldridge stating, among other things, that she and her husband, W. J. Aldridge, and their son, Guy Aldridge, purchased said tract of 162.6 acres in 1943; that she and her husband moved on such land in 1944 and continued to live on it until the death of her husband in the year 1965, and that since the death of her husband she continued to live on such land and presently resides on it; that they had loaned substantial sums of money to their son, Guy Aldridge, prior to 1961 and that he delivered to them the warranty deed dated October 27, 1961, conveying his undivided one-half interest in said land as a partial repayment of such debt; that such deed was placed in a metal box where she kept important papers and remained there until on or about January 7, 1965, when it was placed on record in Lamb County, Texas; that her deceased husband and she had exclusive possession and use of said land after the delivery of the deed dated October 27, 1961, until January 1, 1966, and since that time a portion of said land has been rented. There is nothing in the record controverting these statements.

Appellants present four points of error but their primary contention is that the trial court erred in granting appellee's motion for summary judgment because possession of the tract of land in question by W. J. Aldridge and wife, Myrtle Aldridge, was notice to appellee as a matter of law of their ownership, and, in the alternative, such possession constituted sufficient notice to put appellee on further inquiry as to the title of W. J. Aldridge and wife, Myrtle Aldridge.

As a general rule, possession of real estate is equivalent to registration and is constructive notice of the possessor's right or claim, in that, as a matter of law, it puts a purchaser upon inquiry as to the nature of the claim of right of the possessor, and in the absence of proper inquiry the law charges the purchaser with notice of that claim upon the presumption that proper inquiry would disclose it. Downing v. Jeffrey, 195 S.W.2d 696 (Tex.Civ.App.—Texarkana 1946, writ ref'd n. r. e.); Ramirez v. Bell, 298 S.W. 924 (Tex.Civ.App.—Austin 1927, writ ref'd).

Appellee contends that since W. J. Aldridge was the record owner of an undivided interest in said property under a deed of record in Lamb County, Texas, that the possession of the land by W. J. Aldridge was consistent with the record title, and consequently appellee was under no duty to inquire of such possessor as to the nature and extent of his ownership. This exact point was decided adversely to appellee in Collum v. Sanger Bros., 98 Tex. 162, 82 S.W. 459 (1904), wherein the Supreme Court stated: "In the recent case of Ramirez v. Smith, 94 Tex. 184, 59 S.W. 258, it was expressly stated as a general rule that the fact that the possession of one holding land is consistent with the recorded title does not exempt a purchaser from the duty of inquiring of him as to any other title. We think it a safe and salutary rule to require of a prospective purchaser of land to ascertain whether any other be in occupancy of it; and, if there be such possession, to go to the possessor and ascertain the nature and extent of his claim.

Possession is evidence of title, and, it seems to us, that common prudence and common honesty demand this course. If so, the possession should be notice to him; and, if notice to a purchaser, it is notice to a creditor."

In Boedefeld v. Johnson, 201 S.W. 1027 (Tex.Civ.App.—Galveston 1918, no writ), it was held that although the possession by a tenant in common is consistent with the record title this does not relieve a purchaser from the duty to inquire from the possessor the nature of his claim and possession.

A basically similar fact situation as is present in our case was before the Court in Kelly-Springfield Tire Co. v. Walker, 149 S.W.2d 195 (Tex.Civ.App.—Beaumont 1941, writ dism'd jdgmt. cor.). J. P. Walker and his wife, Jonnie I. Walker, owned as community property over 800 acres of land which was occupied and used by them until the death of Mrs. Walker, after which time J. P. Walker continued to occupy and use said land. On January 22, 1929, Mrs. Walker died intestate leaving three children surviving her, who inherited their mother's one-half community interest. On January 15, 1930, these children conveyed to their father, J. P. Walker, their interest in such property by warranty deed, which deed was never recorded. On April 25, 1932, Kelly-Springfield Tire Co. recovered judgment against Homer Walker, one of the children, which judgment was duly abstracted and never became dormant. On February 3, 1933, Texas National Bank of Beaumont also recovered a judgment against Homer Walker, which judgment was duly abstracted and never became dormant. Homer Walker subsequently died. In 1939, Kelly-Springfield Tire Co. filed suit against J. P. Walker, Mrs. Homer Walker, and the brother and sister of Homer Walker to foreclose its judgment lien against the one-sixth interest in such land inherited by Homer Walker from his deceased mother. Texas National Bank was made a party defendant and in the trial also asserted its judgment lien. The trial court entered a take-nothing judgment as against the Walkers. The Court of Civil Appeals in upholding such judgment stated: ."The occupancy of J. P. Walker was sufficient to give notice to appellants at the time they abstracted their judgments that Homer Walker had transferred his interest in the land to J. P. Walker, and this notice operated against appellants to the same extent as if J. P. Walker had duly recorded his deed from his children. * * * Parties dealing with Homer Walker or his estate, in relation to the 812.25 acres, were visited with notice of his father's actual possession, and were put on inquiry as to the nature of his exclusive possession. Had this inquiry been made by appellants, they would have discovered that Mr. Walker was in exclusive possession of the 812.25 acres by virtue of the deed to him from his children."

A very recent case applying the rule in *Collum* is Long Falls Realty Company v. Anchor Electric Co., 405 S.W.2d 170 (Tex. Civ.App.—Dallas 1966, no writ). L. A. Peterson, John T. Harris and R. F. Ford, Jr., were owners of property in Dallas, Texas. Harris in January, 1961, conveyed his one-third interest in such property to L. A. Peterson. Peterson was engaged in business as a building contractor with his principal office located on that property. In May, 1961, Peterson incorporated the business under the name of L. A. Peterson, Inc., and the corporation took possession of such property and continued the construction business with its principal office at the same location. On May 31, 1961, L. A. Peterson by warranty deed conveyed his two-thirds interest in such property to L. A. Peterson, Inc. This deed was not recorded until April 4, 1965. On January 18, 1962, Ford conveyed his one-third interest in said property to L. A. Peterson, Inc., which deed was duly recorded. On January 8, 1964, prior to the date the deed from L. A. Peterson to L. A. Peterson, Inc., was filed for record, an abstract of judgment in favor of Long Falls Realty Company against L. A. Peterson was filed in the abstract of

judgment records of Dallas County. The Dallas Court of Civil Appeals in sustaining the contention of appellee, that since the corporation had actual physical possession of all the premises prior to the recording of appellant's judgment appellant was put on notice to inquire of L. A. Peterson, Inc., the occupant, concerning its claim, and if such inquiry had been made appellant would have learned that L. A. Peterson, Inc., claimed title to all the premises under its unrecorded deed from L. A. Peterson, individually, stated:

"We agree with appellee. It is well established in our law that actual possession of real property is prima facie evidence of ownership and puts the world on notice to inquire of the person in possession concerning the latter's claim. This is true even when the person in possession of the entire tract of land holds record title to only a portion of it. The rule is applicable to holders of recorded judgments. Wimberly v. Bailey, 58 Tex. 222; Collum v. Sanger Bros., 98 Tex. 162, 82 S.W. 459, 460, rehearing denied 98 Tex. 162, 83 S.W. 184; Newman v. Phalen et al., 214 S.W. 958 (Tex.Civ. App., no writ hist.); Kelly-Springfield Tire Co. et al. v. Walker, Tex.Civ.App., 149 S.W.2d 195 (error dism.); Garner v. McKinney, Tex.Civ.App., 255 S.W.2d 529. See also First State Bank of Amarillo v. Jones, 107 Tex. 623, 183 S.W. 874; Hayward Lumber Co. v. Bonner, 56 Tex. Civ.App. 208, 120 S.W. 577; Mattfeld v. Huntington, 17 Tex.Civ.App. 716, 43 S.W. 53; Garth v. Stuart, 59 Tex.Civ. App. 391, 125 S.W. 611 (wr. ref.); Boedefeld v. Johnson, Tex.Civ.App., 201 S.W. 1027."

For the reasons hereinbefore set forth, it is our opinion that the trial court erred in granting appellee's motion for summary judgment and this cause is reversed and remanded to the trial court for such further proceedings as may be appropriate.