R. L. LESTER v. OSCAR HUDSPETH ET UX.

No. A-326. Decided December 30, 1944.
(184 S. W., 2d Series, 467.)

*Earl Wyatt,* of Amarillo, for petitioner.

The court erred in holding that possession by the defendant tenant at the time of the assessment for street paving and the issuance of the certificate therefor and at the time plaintiff purchased same was, as a matter of law, notice to the City, the certificate holders and plaintiff, and having such notice defendant was not debarred from asserting his equitable title. Realty Tr. Co. v. Craddock, 131 Texas 88, 112 S. W. (2d) 440; Rieger v. Smith, 2 S. W. (2d) 883; 41 Tex. Jur. 399.

*W. J. Durham,* of Dallas, for respondent.

There being no showing of an investigation having been made by the petitioner and those under whom he claimed as to who was the true owner of the property, and as the lien was not executed by the record title owner and no assessment was made against the record title owner, and the respondent was occupying the property at the time, it was not error for the trial court to hold that plaintiff take nothing by his suit, and that title be reposed in respondent, nor for the Court of Civil Appeals to affirm same. Wimberly v. Bailey, 58 Texas 222; City of Gainesville v. Harder, 147 S. W. (2d) 959; City of Mexia v. Montgomery, 7 S. W. (2d) 594.

MR. JUDGE TAYLOR, of the Commission of Appeals, delivered the opinion for the Court.

The key statement from which to begin consideration of the principal legal question presented in this case is the following

excerpt from the majority opinion of the Court of Civil Appeals:

"On March 9, 1927, W. H. and Ida Hudspeth executed and delivered the mechanic's lien contract on the property in controversy, which was foreclosed by the judgment aforesaid. Neither W. H. nor Ida Hudspeth had any title to the property. Their right of possession was derived solely from Oscar Hudspeth, defendant here. Defendant neither authorized nor ratified the giving of the mechanic's lien."

The judgment in which the mechanic's lien is referred to as having been foreclosed (no personal judgment against any defendant) was a judgment (dated December 21, 1934) of the district court of Grayson County in Real Estate-Land Title and Trust Company v. Will Hudspeth et al in cause No. 41242. The subject property of the foreclosure was Lot No. 2, Block No. 1 of Brinkley's First Addition to the City of Sherman, then occupied by Ida Hudspeth. The foreclosure was against the interests of Ida Hudspeth, Louie R. Huggins (individually and as independent executrix of the estate of W. A. Huggins) and Louise Kimbell (as an heir of Huggins) to satisfy a lien indebtedness of $253.53. Ida Hudspeth was found to be the owner of the property as an heir of her deceased husband, Will Hudspeth.

In addition to foreclosing the mechanic's lien referred to, the judgment foreclosed a special assessment lien levied by the City of Sherman in 1927 against W. A. Huggins, evidenced by certificate No. 95, payable to Jagoe Construction Company, for improving the street adjacent to the property. The property was bought in at the foreclosure sale by R. L. Lester.

Lester, as plaintiff, filed this suit in trespass to try title against Ida Hudspeth, a widow, and Oscar Hudspeth et ux. Judgment was for the defendant, which was affirmed by the Court of Civil Appeals. 183 S. W. (2d) 220. Upon rehearing two of the justices adhered to the original opinion, but Justice McGill dissented. The writ was granted upon application of Lester, among other things, because of the dissenting opinion. We have concluded upon review of the case that the conclusion reached in the dissenting opinion is correct.

The trial judge filed findings of fact and conclusions of law. The findings pertinent for present purposes are that,—Oscar Hudspeth, who intervened in this cause, entered into a contract in 1924 to purchase the property from W. A. Huggins for $575.00; immediately after entering into the contract Oscar moved onto the property, taking with him his father, Will Hud-

speth, and his stepmother, Ida Hudspeth. Oscar Hudspeth assured his father and stepmother that they could use the property as a home as long as they lived; Oscar married in 1925 and immediately thereafter acquired and moved into a home on Montgomery street; Will and Ida continued to occupy the property in controversy here from 1924 until the date of the trial; on March 9, 1927, Will Hudspeth and his wife executed a mechanic's lien contract in favor of Jagoe Construction Company for street paving; on July 25, 1927, the City of Sherman levied its special assessment No. 95 against the property; that Oscar Hudspeth was not living on the property at that time and never at any time occupied it after leaving it in 1924; at the time the mechanic's lien contract was executed in favor of the Jagoe Construction Company no representation was made to the company that Oscar Hudspeth had or claimed any interest in the property and Oscar Hudspeth has never at any time claimed the property in controversy as his homestead; Oscar Hudspeth finished making payment of the installments under his contract of purchase from W. A. Huggins in 1932, after the death of Will Hudspeth; after the death of W. A. Huggins his widow, Louie R. Huggins, an independent executrix of his estate, executed a deed to the property to Oscar Hudspeth; there was an error in the making of the deed and Ida Hudspeth, to whom Oscar had intrusted it to be returned to the executrix for correction, was lost by her before correction thereof; she died without correction having been made; Will and Ida Hudspeth had no authority from Oscar Hudspeth, the equitable owner of the property, to execute the mechanic's lien contract to Jagoe Construction Company; on December 21, 1943, in Cause No. 41242, after judgment was rendered therein on December 21, 1934, a stay order was issued to stay the selling of the property involved herein and Ida Hudspeth executed a deed of trust securing a note wherein she agreed to make monthly payments of $5.00 per month until the indebtedness against the property had been paid; she at no time advised the holder of the indebtedness that she was not the owner of the property; Will and Ida Hudspeth at the time of the execution of the mechanic's lien advised R. C. Booton that they were the owners of the property and in said mechanic's lien contract warranted that they owned the fee to the center of the street; no deed was ever executed by W. A. Huggins to the property involved; the evidence fails to show that the heirs of W. A. Huggins ever executed a deed to Oscar Hudspeth; Oscar was not a party to the suit in cause No. 41242 styled Real Estate Land Title & Trust Company v. Will Hudspeth et al, and Oscar had no knowledge that said suit had been instituted or judgment had been rendered therein until immediately prior

to the time he intervened in this cause; after judgment was rendered in cause No. 41242 the trust company transferred to George A. Ritzinger whatever interest, right or title the trust company claimed to the property and said transfer was made before the date of the rendition of the judgment in this cause; R. L. Lester, plaintiff herein, received from the trust company the deed upon which he claims the property from the trust company after the company had conveyed to Ritzinger the interest it claimed in the property and such deed and judgment were of record in Grayson County prior to the time Lester obtained his deed through the foreclosure sale; and at the time of the levy of the paving assessment against the property and at the time of the filing of suit No. 41242, W. A. Huggins appeared to be the record owner of the property according to the records of Grayson County.

The statement of the case set out in the majority opinion of the Court of Civil Appeals is substantially correct, except for its stated conclusion that at the time the special assessment was levied Will and Ida Hudspeth did not claim to own the property. The record discloses without dispute that while they were in fact in possession thereof through the consent of Oscar Hudspeth, they claimed at such time, and when they executed the mechanic's lien contract, that they owned the property. Ida stated to R. C. Booton that she had a deed to the property. She also signed rendition sheets as owner and rendered the property for taxes. Also the trial court found in its judgment in cause No. 41242 (although erroneously) that Ida Hudspeth, a widow, was the owner as the sole and only heir of Will Hudspeth, deceased.

The basic question presented is whether the City of Sherman, at the time the special assessment was levied on the property, was charged with notice of the equitable title thereto of Oscar Hudspeth.

The majority opinion upholds the trial court's finding that Oscar Hudspeth had possession through his tenants and that *such possession was as a matter of law notice to the City of Sherman,* the certificate holder and plaintiff Lester as to the equitable title of Oscar, and holds this to be notice, regardless of any inquiry the city may have made of Will and Ida prior to the levy as to the extent of their claim. There is no finding that the city was not diligent.

■ We agree with the dissenting opinion that the possession of Will Hudspeth and Ida was not, as a matter of law, notice

to the city of Oscar Hudspeth's *equitable title*. Absent notice of the equitable title, plaintiff Lester, who had acquired the record legal title to the property at the foreclosure sale, was, as is held in the dissenting opinion, the owner within the purview of the paving statutes. Arts. 1086 to 1096, Vernon's Texas Civil Statutes, Vol. 2, pp. 886 to 918; Realty Trust Co. v. Craddock (Com. App.) 131 Texas 88, 112 S. W. (2d) 440.

■ There is no evidence of actual notice on the part of the certificate holder, or of Lester when he purchased, of Oscar Hudspeth's equitable title. As stated in the cited case, "Certainly the officers and agents of a city, in paving matters, are not charged, as a matter of law, with notice as to who in the past has occupied premises abutting upon streets proposed to be paved, or as to the claim, manner or purposes of such occupancy."

The judgments of the courts below are reversed and set aside and judgment is here rendered that petitioner, R. L. Lester, recover title and possession of the property.

Opinion adopted by Supreme Court December 30, 1944.