McGEHEE et al. v. BOEDEKER, County
Judge, et al.
No. 5764.

Court of Civil Appeals of Texas. Amarillo.

Feb. 10, 1947.

H. A. C. Brummett, of Dickens, and J. Farris Fish, of Matador, for appellants.

Edwin H. Boedeker, of Dickens, for appellees.

PITTS, Chief Justice.

This in an election contest involving the proposed consolidation of two common school districts. It is admitted that the proposal carried by a majority vote in the Patton Springs Consolidated Common School District Number 22, but the declared returns show that the proposal failed to carry in the Wichita Common School District Number 11 by a vote of 32 to 27.

Contestants, Albert McGehee, Roland Murchison, Boone Hyatt, and Jim Koonsman, gave proper notice and filed suit against Edwin H. Boedeker, County Judge, and Winston Brummett, County Attorney, attacking the validity of seven votes that were cast against consolidation in the Wichita Common School District Number 11 and contending that the proposed consolidation actually carried by a majority vote of the legally qualified voters of the said district by reason of which the two districts should be legally consolidated.

A trial to the court without a jury resulted in a finding that five of the seven votes challenged were illegal but two of the said votes were held to be legal. As a result of such finding the trial court held, and rendered judgment accordingly, that there was a tie vote on the question of consolidation in the Wichita Common School District Number 11 and that the proposed consolidation therefore failed to carry, from which judgment an appeal was perfected to this Court.

The contestants complain that the trial court erred in holding that two of the challenged votes, cast by W. T. Lovell and his wife, were legal.

At the request of the contestants the trial court found, among other findings made, that the evidence revealed that the residence of W. T. Lovell and wife for voting purposes was in Wichita Common School District Number 11, Dickens County,

Texas; that they were temporarily absent from their permanent residence due to ill health and were staying temporarily with a daughter in Fort Worth, Texas, in order that they may have medical attention, but had not by reason of such acts abandoned their residence in Dickens County.

If the evidence supports such findings by the trial court, this Court is bound thereby. *Boston Ins. Co. v. Rainwater*, Tex.Civ.App., 197 S.W.2d 118, and other authorities there cited.

The record reveals that W. T. Lovell is now seventy-seven years old; that he and his wife owned and had occupied as a homestead a farm situated in Wichita Common School District Number 11, Dickens County, Texas, continuously since 1918, and that his farm is divided by a highway into two tracts of land with a residence situated on each tract. W. T. Lovell testified in effect that early in August, 1946, his health was failing and for that reason he leased the tract of land on which he and his wife were then living to E. J. Nichols for a period of three years and gave immediate possession of the premises but he reserved for his own use the other tract of land and the residence thereon; that he sold some of his livestock and farm implements in order to raise money for medical treatment but that he kept a part of his farming equipment; that on August 15, 1946, he and his wife stored some of their furniture on the premises but took such as they needed with them to Fort Worth, Texas, where they have since been residing temporarily with their daughter in order to be near their physician for medical treatment; that they did not abandon their residence but declared when they left and at all times subsequent thereto that the Dickens County homestead was their permanent residence and would remain so unless and until they sold it; that they had offered to sell the farm but had not sold it and had reserved living quarters on the same in order that they may return to it as soon as his health had improved sufficiently for them to return. The record further reveals that W. T. Lovell was a county school trustee of Dickens County but resigned such position six weeks after he and his wife went to Fort Worth; that the school election in

question was held on September 28, 1946; that W. T. Lovell and his wife voted at the said election by absentee ballots; that they had voted by absentee ballots in the second Democratic primary held August 24, 1946, after they had leased a part of their premises and gone to Fort Worth; and that he and his wife did not own any other home nor did they claim any other place as their residence or domicile.

A husband has the legal right to fix the domicile of the family and his domicile is the domicile of his wife. *Lacey v. Clements*, 36 Tex. 661; *Harwell v. Morris*, Tex.Civ.App., 143 S.W.2d 809; *Pippin v. Pippin*, Tex.Civ.App., 193 S.W.2d 236. A voter does not lose his residence for voting purposes merely because he in good faith is only temporarily absent therefrom due to ill health or for business or professional reasons. *McCharen v. Mead*, Tex.Civ.App., 275 S.W. 117; *Aldridge v. Hamlin*, Tex. Civ.App., 184 S.W. 602; *Huff v. Duffield*, Tex.Civ.App., 251 S.W. 298; and *Clark v. Stubbs*, Tex.Civ.App., 131 S.W.2d 663. The question of residence for voting purposes must be determined by the actual facts and circumstances, one of which may be the intention of the voter and especially the intention of the husband. *McBride v. Cantu*, Tex.Civ.App., 143 S.W.2d 126; *Stratton v. Hall*, Tex.Civ.App., 90 S.W. 2d 865. Under the authorities cited the evidence is amply sufficient to support the finding of the trial court that W. T. Lovell and wife were legal voters at the election in question. Contestants' points of error complaining to the contrary are therefore overruled.

The contestants further complain that the trial court erred in failing and refusing to order a new election after a tie vote had been found to exist in the Wichita Common School District Number 11 on the proposed question of consolidation. We overrule their point of error making such a complaint since the law provides that such consolidation can be effected only when the proposed consolidation has carried by a majority vote in each district at an election held separately in each of the interested school districts and we find no authority holding to the contrary in such elections.

In view of the disposition made of the foregoing assignments of error, we do not consider it necessary to pass on the counterpoint presented by the contestees urging that two of the five votes declared by the trial court to be illegal were in fact legal votes since any disposition made of the issues there raised could not change the result of the election in any event.

We have carefully considered the record and all assignments of error. It is our opinion that the case was properly disposed of by the trial court and its judgment is therefore affirmed.