

# THE ATTORNEY GENERAL
## OF TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

AUSTIN 11, TEXAS

August 29, 1952

Hon. J. W. Edgar
Commissioner of Education
Texas Education Agency
Austin, Texas

Dear Sir:

Opinion No. V-1519

Re: Whether an independent
school district trustee
vacates his office when
called into military
service.

We refer to your request for an opinion of
this office concerning the following submitted matter:

A resident citizen was elected a trus-
tee of the Bells Independent School District
board in April 1951, for a term of three
years, and took the oath of office. Art.
2774a, V.C.S. He served as trustee until
June 1951, at which time he was called back
into military service. He did not resign
as trustee. He maintained his residence in
the district, and his family resided in the
community during his absence in another
State and overseas. He has now returned to
the Bells district and claims his office as
trustee.

Based on these facts you ask the follow-
ing:

1. Does a duly elected board member of
an independent school district vacate his
office of trustee when called into military
service when such service requires that he
be absent from the school district and the
State for approximately one year? If your
answer to this question is No,

2. May a board member appoint a qualified
individual to serve in his absence?

Under the facts submitted, the trustee in
question having been recalled into the armed service
and having served but one year, we assume for purposes

of this opinion that he was not serving in one of the regular military establishments but was recalled to duty as a reservist.

Section 14 of Article XVI of the Constitution of Texas provides in part as follows:

"All civil officers shall reside within the State; and all district or county officers within their districts or counties, . . . and failure to comply with this condition shall vacate the office so held."

A trustee of an independent school district is, as such, a public civil officer. He serves without compensation, but he holds as trustee a civil office of trust. 37 Tex. Jur. 935, Schools, Sec. 68; Att'y Gen. Op. V-834 (1949). The right of a person to serve in the reserve corps of the United States and to hold at the same time a civil office of this State, regardless of whether his military service is in this country or overseas, has been recognized and sustained by our Texas Supreme Court. Carpenter v. Sheppard, 135 Tex. 413, 145 S.W.2d 562 (1940, cert. den. 312 U.S. 697); Cramer v. Sheppard, 140 Tex. 271, 167 S.W.2d 147 (1942); Ex parte Templeton, 143 Tex. 281, 186 S.W.2d 68 (1945).

The Carpenter case held that by virtue of the provisions of Sections 33 and 40 of Article XVI of the Constitution of Texas, the relator did not vacate his office as a member and Chairman and Executive Director of the Texas Unemployment Compensation Commission when as a member of the National Guard he was called into the military service of the United States and appointed an officer therein. Further, it was held that his appointment as Major in the National Guard in the Army of the United States did not violate Section 12 of Article XVI of the Constitution.

The Cramer case held that a district judge who was commissioned a Major in the Officers' Reserve Corps of the United States did not vacate this office of district judge by accepting the commission.

And in Ex parte Templeton it was held that a district judge who voluntarily enlisted in the United States Naval Reserve and was subsequently re-elected district judge and took the oath of office but continued

to serve in the Navy did not thereby vacate the office of district judge.

While no specific reference to Section 14 of Article XVI, supra, was made in the cited three cases, it is observed that there was strongly urged to the court therein the great inconveniences which might inure to the public should the court fail to declare vacated the civil offices there in question. The obvious disregard of the court to consider in conjunction with the question before it, the provisions of Section 14 of Article XVI, leads, we think, to the conclusion that the residence requirements of Section 14 were not intended to apply to such situations as the court had before it.

Whether absence from one's place of residence amounts to an abandonment of that residence depends largely upon the person's intention and the purpose for which he is absent. Temporary absence does not necessarily deprive a person of his residence where he intends to return after the cause for his absence has ceased to exist. Aldridge v. Hamlin, 184 S.W. 602 (Tex. Civ. App. 1916); Clark v. Stubbs, 131 S.W.2d 663 (Tex. Civ. App. 1939); McGehee v. Boedeker, 200 S.W.2d 697 (Tex. Civ. App. 1947). In Bray v. Peden, 213 S.W.2d 469 (Tex. Civ. App. 1948), it was held that a person has not abandoned his residence merely because he is temporarily absent on account of his health, or to serve his government, or because his trade or business or profession takes him elsewhere for varying periods of time. We also call your attention to Section 9 of Article XVI of the Constitution, which reads:

"Absence on business of the State, or of the United States, shall not forfeit a residence once obtained, so as to deprive any one of the right of suffrage, or of being elected or appointed to any office under the exceptions contained in this Constitution."

Here we have a resident citizen of the Bells Independent School District, duly elected a trustee thereof, who qualified as such, and very shortly after his election was recalled into the military service. He did not abandon his residence in the district but returned at his earliest opportunity to his family still residing therein. Upon his return he immediately sought to assume the public office which he had neither intentionally or

expressly resigned or abandoned. The term of his office had not expired. Under these submitted facts it cannot be said that he ever intended to move from the district or abandon the office. Hodgkins v. Sansom, 135 S.W.2d 759 (Tex. Civ. App. 1940, error dism., judg. cor.); Att'y Gen. Op. V-26 (1947).

Under these facts, it is our opinion that the trustee in question did not vacate his office as a member of the board of trustees of the Bells Independent School District, his absence from the district being solely in response to recall for military services.

The seven-member board of trustees of the Bells Independent School District is a creature of statute. Art. 2774a, V.C.S.; 37 Tex. Jur. 938, Schools, Sec. 70. As such, it has those powers only as are specially given or are implied as a necessary incident to those expressly conferred. Geffert v. Yorktown Independent School Dist., 290 S.W. 1083 (Tex. Comm. App. 1927). Although by statute, Article 2777, V.C.S., the remaining members of an independent school district board are expressly authorized to fill vacancies on a board, we can find no power implied therein which would authorize the board to nominate a substitute to serve in the place of a board member (there being no vacancy) who is temporarily absent from the district. Since under Article 14, V.C.S., a quorum of the board is all that is necessary to transact its business, its governmental functions are not rendered inoperative by his temporary absence in military service.

Accordingly, it is our opinion that the remaining members of the board, under the situation submitted, are without authority to appoint a person to serve in the absence of the trustee in question, his recall into the military service not having created a vacancy on the board.

## SUMMARY

A trustee of an independent school district does not vacate his office as a member of the board when his absence from the district is occasioned solely by his being called into military service as a reservist.

The remaining members of the board of trustees are without authority to nominate a person to serve in the place of a board

member called into military service as a
reservist, because his absence from the dis-
trict under such circumstance does not con-
stitute a vacancy.

Yours very truly,

APPROVED::

J. C. Davis, Jr.
County Affairs Division

Mary K. Wall
Reviewing Assistant

Charles D. Mathews
First Assistant

CEO:am

PRICE DANIEL
Attorney General

By *Chester E. Ollison*

Chester E. Ollison
Assistant