

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

June 20, 1960

Hon. R. L. Lattimore
Criminal District Attorney
Hidalgo County
Edinburg, Texas

Opinion No. WW-859

Re: Whether a citizen of Texas
maintaining a home and
business in Texas, but whose
wife is a Mexican citizen
and lives in Mexico, is en-
titled to vote in Texas.

Dear Mr. Lattimore:

You have requested an opinion on whether a citizen of
Texas who maintains a home and place of business in Texas, but
who has a wife of Mexican citizenship in Mexico and visits her
and stays overnight with her in Mexico at regular intervals, has
lost his voting rights as a Texas citizen. In your request you
state that in Hidalgo County and other border counties in Texas,
citizens of the United States domiciled in Texas sometimes marry
women of Mexican citizenship, living in Mexico at the time of the
marriage, and following the marriage the wives continue to live
in Mexico and the husbands continue to live and conduct their
businesses in Texas. By way of further explanation of the marital
relationship between husband and wife, you have said:

"In the case in question here in Hidalgo County,
it is my understanding that these citizens did nothing
wrong or reprehensible in such marriages. That is,
they have lived all their lives just across a narrow
river from the foreign country and have traveled back
and forth across this river to visit the inhabitants
of the other country as much as they have within this
country. Aside from the difficulty of bringing their
wife to their home on the American side of the river
due to the immigration laws, there is an economic factor
involved in that they can raise a family much cheaper in
Mexico than they can on this side of the river. Of
course, I do not know that these factors I have mentioned
have motivated all the persons involved but I assume that
they have. The ordinary practice of these international
marriages that I have described is for the husband to
cross the river two or three times a week and spend all
night with his wife in Mexico and for the rest of the
time, he spends it at his residence in Texas where he
spends all the working days."

In order to be a qualified voter in Texas, a person must, among other things, be a citizen of the United States and a resident of the State of Texas. Art. VI, Sec. 2, Tex.Const.; Art. 5.02, Vernon's Texas Election Code. "Residence" refers to domicile or legal residence as distinguished from place of actual abode. Snyder v. Pitts, 150 Tex. 407, 241 S.W.2d 136 (1951).

Article 5.08 of the Election Code provides that the residence of a married man is where his wife resides, or if he be permanently separated from his wife, his residence is where he sleeps at night. The phrase "where his wife resides" means her domicile or legal residence. Major v. Loy, 155 S.W.2d 617 (Tex.Civ.App. 1941).

Following the common law rule, which obtains in this State, the Texas courts have held that the husband has the right to select the family domicile, and that ordinarily the family domicile is the domicile of both the husband and the wife. McGehee v. Boedeker, 200 S.W.2d 697 (Tex.Civ.App. 1947); Postle v. Postle, 280 S.W.2d 633 (Tex.Civ.App. 1955); 23 Tex.Jur., Husband and Wife, § 8. The rule giving the husband the right to select the family domicile is based on the common law theory that upon marriage the identity of the wife becomes merged in that of the husband and that the wife, having no legal existence, has no power to choose her domicile. It is established for her by operation of law, through the act of her husband in choosing the place where they are to maintain their home.

Ordinarily, where the family domicile selected by the husband is his domicile at the time of the marriage, it becomes the domicile of the wife immediately upon marriage, even though she is temporarily living elsewhere and has never actually lived at the place selected. Henderson v. Ford, 46 Tex. 627 (1877); Clements v. Lacy, 51 Tex. 150 (1879); Att'y Gen. Op. S-207 (1956). We have not found any Texas case deciding whether this rule would be applied to a wife who at the time of the marriage was a resident citizen of a foreign country, where there has been no compliance with Federal immigration requirements for admission of the wife to residence in this country.

So far as we have found, the rule that the wife's domicile is drawn to that of the husband has never been applied in this State to make the place of residence of the husband the domicile of the wife where there is no intention on the part of either the husband or the wife to establish a domicile for the wife at that place. Where, following the marriage, there has been a separation with no intention of continuing the marital relationship, the husband and wife may have separate domiciles. Even during continuation of marital relations, the wife may have a domicile different

from that of the husband where he has given his consent for the wife to reside elsewhere than in his home. Miller v. Stine, 99 S.W.2d 397, 399 (Tex.Civ.App. 1936); Barnes v. West, 203 S.W.2d 582 (Tex.Civ.App. 1947). Also see Annotations, 75 A.L.R. 1270, 90 A.L.R. 358, and 128 A.L.R. 1422.

In this opinion we are concerned with the place of domicile or legal residence of the wife only as it may affect the place of residence of the husband for voting purposes. If upon marriage the wife's domicile was drawn to that of the husband, there is no problem in concluding that the residence of the husband is still in Texas. However, if the wife's domicile after marriage continued to be in Mexico, we are confronted with the question of whether Article 5.08 of the Election Code conclusively fixes the husband's domicile there also for the purpose of determining whether he is a qualified elector of this State.[1]

The domicile of a person who has the power to choose his domicile is established by the concurrence of two things: (1) actual physical presence at a place of abode, (2) with the intent to make that place of abode his home. Snyder v. Pitts and Major v. Loy, supra; 15B Tex.Jur., Domicile, § 7. In our opinion, the rule fixing a married man's residence at the place where his wife resides has no application where the husband has never lived at that place with the intention of making it his home. In Harwell v. Morris, 143 S.W.2d 809, 816 (Tex.Civ.App. 1940), it was said:

" * * * It has been the law of this State since an early day that the place of residence of a married woman is where her husband resides. (Citations.)

"It has never been the law in Texas that the residence of the husband is drawn to that of the wife where they happen, for a time, to be at different places. (Citations.) The rule was not changed by the provisions of Art. 2958, R.C.S., 1925 /now Article 5.08, Election Code/, which provides that the residence of a married man is where his wife resides. That act was passed in 1905, long before suffrage was extended to women in Texas and had reference only to the residence of the husband, who at that time, was the only

---

[1] The provision in Article 5.08 with respect to the residence of a married man who is permanently separated from his wife refers to a separation with no intention of continuing the marital relationship, and is not applicable to the present fact situation.

> member of the community who was entitled to vote, and
> it was designed only to provide a criterion by which
> the husband's residence could be definitely established
> in case of doubt as to his--not the wife's--residence.
> It was never intended by the law makers to change the
> long established rule that the residence of the family
> is established by the will or conduct of the husband.
> If the law were otherwise, we would have the anamalous
> possibility of the wife's legal residence being at one
> place and that of the husband, from whom she was not
> separated, being at an entirely  different place, even
> in a different county." (Emphasis supplied.)

This case holds that the residence of the husband is not drawn to
that of the wife, and that Article 5.08 of the Election Code has
not changed the law in that regard.  The point for determination
was the wife's residence where the husband and wife intended
eventually to occupy a single dwelling, the place which the hus-
band was providing for the wife's permanent place of abode as
well as his own.  The statement with respect to the wife's resi-
dence being where her husband resides was made in the light of
that intention.  As we have seen, this is not an inflexible rule.
We have found no exception to the statement that the residence
of the husband is not drawn to that of the wife.  See 23 Tex.Jur.,
Husband and Wife, § 8; Speer, Law of Marital Rights in Texas (3rd
Ed.), § 79.  In our opinion, a married man does not acquire a new
residence after marriage by his mere presence at the place selected
for the wife's domicile without any intent to make that place his
domicile also.

If Article 5.08 of the Election Code was intended as an
invariable rule for determining the residence of a married man
not permanently separated from his wife, in disregard of the
common law rules by which residence was to be determined under
Article VI, Section 2 of the Constitution, its constitutionality
would be open to question.  See Major v. Loy, supra, at page 620.
In Stratton v. Hall, 90 S.W.2d 865 (Tex.Civ.App. 1936), the court
said:

> "Article 2958 defines the 'residence' of a
> married man, within the meaning of the election laws,
> to be where his wife resides, unless he be permanently
> separated from her, and his residence is considered
> to be in that place unless a contention is made that
> he resides elsewhere.  16 Tex.Jur. § 39, p. 48 /15B Tex.
> Jur. (Rev. 1955) § 36. When a contention is made that
> a married man's residence is in some other place than
> where his wife resides, the question must be determined

> by reference to the actual facts and circumstances; one
> of which will be his intention." (Emphasis supplied.)

In other words, the effect of the statute is very much the same as stating a rebuttable presumption, based on the customary marital arrangement of a single household to which each spouse returns after temporary absences. Cf. 28 C.J.S., Domicile, § 16(b); Hill v. Niblett, 171 Md. 653, 187 A. 869 (1936); State ex rel. Hunt v. Scanlan, 75 S.W.2d 989 (Tex.Civ.App. 1934, error dism.).

We assume that in the fact situation you have outlined the husband has never intended to make the place in Mexico his own home, but only to make it the home of his wife. We infer that his entries into Mexico are as a visitor under Mexican immigration laws, that he has not complied with the requirements of the Mexican immigration laws which would enable him to remain in Mexico as a resident of that country, that he has continued to claim Texas as his place of residence, and that he considers himself to be merely a visitor to Mexico when he spends the nights with his wife. The question we have to determine in this opinion is whether the husband is a resident of Texas, but since Article 5.08 is framed in the positive as stating where a married man's residence is rather than stating where it is not, a holding that his residence is not in Texas would have to be based on a holding that it is in Mexico, in violation of the laws of that country.[2] The illegality of a residence in Mexico is but another reason for concluding that Article 5.08 should not be applied to the fact situation before us. Under this state of facts, if he has lost his Texas residence it is because the law of this State compels him to adopt his wife's residence as his own and not because he himself has chosen to make it so. In our opinion, his presence in Mexico under the circumstances you have outlined has not caused a loss of his residence in Texas. We therefore hold that he continues to be a legal resident of Texas and may vote in this State if otherwise qualified.

---

[2] If the husband had complied with the immigration requirements for taking up residence in Mexico or had done other acts consistent with an intent to become a resident of that country, the question of whether he had abandoned his residence in Texas would become a fact question and his declaration of a contrary intent would be only one of the elements to be considered in deciding that issue. We are holding that visits with his wife under the facts stated and assumed herein do not evidence that intent and do not constitute a change of residence.

Hon. R. L. Lattimore, page 6 (WW-859)

## SUMMARY

Where a resident citizen of this State marries a woman who is a resident citizen of Mexico, and following the marriage the wife continues to live in Mexico and the husband continues to live and conduct his business in Texas but spends two or three nights a week with his wife in Mexico as a visitor to that country, he continues to be a resident of Texas and is entitled to vote in this State if otherwise qualified. Article 5.08 of the Election Code, stating that the residence of a married man not permanently separated from his wife is where his wife resides, does not operate to make him a resident of Mexico.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Mary K. Wall
Mary K. Wall
Assistant

MKW:ljb

APPROVED:

OPINION COMMITTEE

J. C. Davis, Jr., Chairman

Charles D. Cabaniss
C. Dean Davis
Byron Fullerton
Robert A. Rowland

REVIEWED FOR THE ATTORNEY GENERAL
BY:
Leonard Passmore