**Ronald GORDON, Appellant,**

v.

**Anna Marie MADISON, Appellee.**

**No. 01-98-00522-CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 27, 2000.

Lionel Mills, Houston, for Appellant.

Karen Beasley Lukin, Houston, for Appellee.

Ronald X. Gordon, La Marque, pro se.

Panel consists of Chief Justice SCHNEIDER and Justices O'CONNOR and TAFT.

## OPINION ON MOTION FOR REHEARING

TIM TAFT, Justice.

On September 9, 1999, we reversed the trial court's summary judgment in favor of appellee, Anna Marie Madison. Madison has filed a motion for rehearing. We deny the motion for rehearing, but we withdraw our prior opinion, and issue this opinion in its stead.

Appellant, Ronald X. Gordon, sued Madison and others for damages and to reclaim title to real property formerly owned as his homestead. Gordon appeals from summary judgments in favor of Madison and against Gordon. We address whether Madison's failure to inspect the property to determine the interests of occupants in obvious possession put her on constructive notice of Gordon's ownership claim so as to defeat her claim of good faith purchaser for value. We also address: (1) whether Gordon's failure to challenge summary judgment regarding fraud, conspiracy, and Texas Deceptive Trade Practice Act (DTPA) claims require us to uphold Madison's summary judgment on those grounds; (2) whether Madison or Gordon was entitled to prevail, as a matter of law, on the issue of whether Madison was a bona fide purchaser of the property, for value and without notice of Gordon's interest; (3) whether the transfer to Madison

was void because the transferor was later found guilty of theft of Gordon's property; and (4) whether the trial court properly awarded attorney's fees and costs against Gordon for having filed a frivolous DTPA claim against Madison. We affirm in part, and reverse and remand in part.

## Undisputed Facts

Gordon was confined in the Galveston County Jail and hired an attorney, Alton V. Williams, to defend him. On August 2, 1991, Gordon signed a warranty deed conveying his property at 216 Preston, LaMarque, Texas ("the property"), to Harris T. Aldridge, a bondsman, who had agreed to post bond for Gordon. The deed was recorded in the Galveston County real property records on the same day. Gordon also signed a promissory note in favor of Aldridge, secured by the property, and gave the note to Aldridge, but the face of the deed does not reflect the note.

On February 4, 1992, Aldridge conveyed the property to Williams, who recorded the deed the next day. Just over a year later, Williams borrowed $17,500 from Dr. Milton Howard and secured the loan by conveying the property by deed of trust. This deed was recorded in the Galveston County records on February 24, 1993.

After Williams tried unsuccessfully to borrow money from Gulf National Bank, he approached his friend Madison, who is the appellee here. Williams told Madison he owned the property, that its value exceeded the amount he wanted to borrow, and offered to sell the property to her as security for his loan. The bank received a loan application from Madison to purchase the property on January 24, 1994, and approved the loan in a few days. The bank's appraisal showed the value of the property was more than the money Williams wanted to borrow from Madison. The bank also obtained a title policy. On February 10, 1994, Madison signed a one-year $50,000 note and deed of trust, in favor of the bank, in which the property served as security for the note. The note

and deed of trust were recorded on February 14, 1994. Also on February 10, 1994, Williams conveyed his interest in the property to Madison by warranty deed reflecting the vendor's lien recognized in Madison's note. Williams used part of the $50,000 loan proceeds to reimburse Dr. Howard and to pay past due taxes on the property. Madison retained $5,000 from the loan.

Williams did not disclose anything about Gordon to Madison before the February 10, 1994 closing. The title policy produced at closing showed only Williams as the owner of the property, and Gordon acknowledges that the property records indicated Williams was the owner. Madison was not even aware that Gordon existed until July or August 1994, when Gordon approached her to claim an interest in the property. Gordon resided on the property from December of 1988 until this litigation. He collected the rents on the property before and after Madison purchased it. On December 21, 1995, Williams was indicted for theft of the property from Gordon by conveying it to Madison. Williams pled no contest to the charges on November 7, 1996.

## Procedural Background

Gordon sued Madison, Williams, Aldridge, and the bank to recover title to the property as his homestead, and for common law and statutory fraud, civil conspiracy, and violations of the DTPA. Early in the litigation, Gordon voluntarily dismissed the bank, which foreclosed on the property in June 1996. Madison counterclaimed against Gordon for attorney's fees and costs as sanctions for a frivolous suit under the DTPA.

Gordon and Madison each filed motions for summary judgment. Gordon claimed the property was his homestead, that his conveyance to Aldridge created a mortgage, that the transactions involving the property were illegal, and that the defendants, collectively, could not prevail as

bona fide purchasers. Madison refuted Gordon's claims for fraud, conspiracy, and DTPA, and sought partial summary judgment as a bona fide purchaser of the property, for value and without notice. Madison also claimed she was entitled to attorney's fees under the DTPA. Madison responded to Gordon's motion, and supplemented her own motion. Gordon did not respond to Madison's motion. The trial court denied Gordon's motion twice, and signed an interlocutory order granting Madison's motion, including an award of attorney's fees. This order became final for this appeal when the trial court granted Gordon's motion to sever.

## Standard of Review

We follow the usual standard of review for traditional summary judgments granted under rule 166a(a) and (b) of the Rules of Civil Procedure: The party with the burden of proof who seeks summary judgment under rule 166a(a) or (b) must prove it is entitled to judgment by establishing each element of its claim or defense as a matter of law, or by negating an element of claim or defense of the opposing party as a matter of law. TEX.R. CIV. P. 166a(a)-(b) & (comment). *See Randall's Food Mkts., Inc. v. Johnson,* 891 S.W.2d 640, 644 (Tex.1995); *Jones v. Legal Copy, Inc.,* 846 S.W.2d 922, 924 (Tex.App.— Houston [1st Dist.] 1993, no writ). When, as here, both parties move for summary judgment, the appealing party may challenge the denial of its own motion as well as the judgment in favor of the prevailing party. *CU Lloyd's v. Feldman,* 977 S.W.2d 568, 569 (Tex.1998). Each party must carry its own burden, however, both as movant and in response to the other party's motion, as nonmovant. *Id.; James v. Hitchcock Indep. Sch. Dist,* 742 S.W.2d 701, 703 (Tex.App.—Houston [1st Dist.] 1987, writ denied). And both parties must ordinarily have sought final judgment relief in their respective cross motions for summary judgment before we may reverse a summary judgment for one party and

render judgment for the opposing party. *CU Lloyd's,* 977 S.W.2d at 569.

## Good Faith Purchaser

Within his first point of error, Gordon argues the trial court erred by rendering summary judgment because Madison did not establish her affirmative defense of good faith purchaser as a matter of law. In his tenth point of error, Gordon complains of the trial court's not granting his motion for summary judgment, in which he claimed, as a matter of law, that Madison was not a good faith purchaser.

### A. Good Faith Purchaser Defined

Good faith purchaser status is an affirmative defense. *See Williams v. Jennings,* 755 S.W.2d 874, 879 (Tex.App.— Houston [14th Dist.] 1988, writ denied). A good faith purchaser acquires real property in good faith, for a valuable consideration, and without actual or constructive knowledge of an outstanding equity or an adverse interest or title. *Colvin v. Alta Mesa Resources, Inc.,* 920 S.W.2d 688, 691 (Tex.App.—Houston [1st Dist.] 1996, writ denied). The issue in this case is whether Madison acquired the property without constructive notice.

### B. Possession as Notice of Adverse Interest

The supreme court has stated that a purchaser should, as a general rule, ascertain whether another is in possession of the land; and, if so, confront the possessor to ascertain the nature and extent of his claim. *Collum v. Sanger Bros.,* 98 Tex. 162, 82 S.W. 459, 460 (1904); *see also Alkas v. United Sav. Ass'n,* 672 S.W.2d 852, 859 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.); *Garner v. McKinney,* 255 S.W.2d 529, 531 (Tex.Civ.App.—Eastland 1953, writ ref'd n.r.e.). Common prudence and honesty demand this course because possession is evidence of title. *Collum,* 82 S.W. at 460; *Hoover v. Redwine,* 363 S.W.2d 485, 489 (Tex.Civ.App.— Fort Worth 1962, no writ); *Brown v.*

*Moss,* 265 S.W.2d 613, 616 (Tex.Civ. App.—Fort Worth 1954, writ ref'd n.r.e.).

 A prospective purchaser is charged with notice of the possession of the property involved in the transaction and of the rights of the possessor. *Collum,* 82 S.W. at 460; *Schaefer v. Bonner,* 469 S.W.2d 216, 220 (Tex.Civ.App.—San Antonio 1971, writ ref'd n.r.e.). Notice of title afforded by possession of property is equivalent to the constructive notice afforded by the registration of the deed to the property under the Recording Act, TEX. PROP.CODE ANN. § 13.001–.002 (Vernon 1984 & Supp.2000). *See Bell v. Smith,* 532 S.W.2d 680, 686 (Tex.Civ.App.—Fort Worth 1976, no writ).

 Gordon resided on the property, had possession of the premises, and collected the rents on the property before and after Madison's purchase. Even minimal inquiry by Madison would have made her aware of Gordon's claim, either by Gordon himself or the tenants who were paying him rent. A purchaser who fails to make reasonable inquiry is charged with notice of all claims and facts that the inquiry would have disclosed. *See Bell,* 532 S.W.2d at 686; *Schaefer,* 469 S.W.2d at 220; *Hoover,* 363 S.W.2d at 489. Gordon's residence on the property, his possession of the premises, and his past and continuing collection of rents established constructive notice to Madison as a matter of law.

We therefore conclude that Gordon disproved Madison's affirmative defense of good faith purchaser status as a matter of law and that the summary judgments in her favor, and against Gordon, on this issue were improper.

Accordingly, we sustain that portion of Gordon's first point of error in which he complains that Madison did not establish her affirmative defense of good faith purchaser as a matter of law, and that part of Gordon's tenth point of error contending the trial court erred in denying his motion for summary judgment claiming Madison was not, as a matter of law, a good faith purchaser for value. We render judgment in favor of Gordon that, as a matter of law, Madison is not a good faith purchaser.

The remainder of this opinion does not merit publication pursuant to rule 47.4 of the Texas Rules of Appellate Procedure. Therefore, we order it not published.